THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EMMITT SANDERS, Defendant-Appellant.

Third District    No. 3—95—0294

Opinion filed March 21, 1997.

HOLDRIDGE, J., specially concurring.

Charles M. Schiedel, of State Appellate Defender's Office, of Springfield, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (John X. Breslin and Nancy Rink Carter, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:

The defendant, Emmitt Sanders, pled guilty to a charge of first degree murder (720 ILCS 5/9—1(a)(1) (West 1994)) in exchange for a sentencing cap of 45 years. Following a sentencing hearing, the trial court imposed the maximum term of 45 years' imprisonment. The defendant's motion to withdraw his guilty plea was denied. On ap-

peal, the defendant contends that: (1) he was entitled to a fitness hearing because he was taking medication for asthma at the time of his guilty plea; and (2) his sentence was excessive. We affirm.

At the guilty plea hearing, the trial judge questioned the defendant about his understanding of the plea bargain agreement. The defendant indicated that he understood that pursuant to the agreement he could be sentenced to 45 years in prison. The judge also asked the defendant if he was taking any medication. The defendant answered that he had been prescribed an inhaler to use for his asthma. According to the defendant, the inhaler allowed him to breathe more easily but otherwise it did not "affect [him] really."

■ The defendant argues first on appeal that because he was taking medication for asthma, he was entitled to a hearing to determine whether he was fit to enter a plea of guilty.

The Illinois Supreme Court recently determined that the Code of Criminal Procedure of 1963 requires a fitness hearing only for those defendants who are taking psychotropic medication or other medication that would interfere with their ability to understand the nature and purpose of the criminal proceedings or to assist in their defense. *People v. Britz*, 174 Ill. 2d 163, 673 N.E.2d 300 (1996).

The defendant does not contend that the medication contained in his asthma inhaler interfered with his ability to understand the nature and purpose of the proceedings against him or to assist in his defense. Moreover, it is clear from the record on appeal that it did not. Therefore, we hold that the defendant was not entitled to a fitness hearing prior to the acceptance of his guilty plea and his sentencing.

■ Next, the defendant claims that his sentence was excessive. Initially, we note that this argument, standing alone, cannot withstand review. The Illinois Supreme Court recently ruled that a defendant who pleads guilty in exchange for a specific sentence must move to withdraw his guilty plea before challenging his sentence as excessive. *People v. Evans*, 174 Ill. 2d 320, 673 N.E.2d 244 (1996). The same rule applies when the defendant agrees to a sentencing cap. *People v. Catron*, 285 Ill. App. 3d 36 (1996). Thus, the defendant's argument that his sentence is excessive, as it is framed in his brief on appeal, is without merit.

However, after carefully reviewing the record, we find that the defendant did file in the trial court a motion to withdraw his guilty plea in which he claims that his sentence is excessive. Therefore, we will address the merits of this issue.

A defendant has no absolute right to withdraw a plea of guilty and bears the burden of proving that such a withdrawal is necessary

to correct a manifest injustice. *Evans*, 174 Ill. 2d 320, 673 N.E.2d 244. The trial court's denial of a motion to withdraw guilty plea will not be disturbed absent an abuse of discretion. *People v. Davis*, 145 Ill. 2d 240, 582 N.E.2d 714 (1991).

■ It is clear from the record that the defendant knew when he entered his guilty plea that he could be sentenced to 45 years in prison. By agreeing to plead guilty in exchange for that sentencing cap, the defendant was in effect agreeing that a 45-year sentence was not manifestly unjust. See *People v. Catron*, 285 Ill. App. 3d at 37. Thus, the defendant's motion to withdraw his guilty plea based on the imposition of an excessive sentence was not well taken. The trial court did not abuse its discretion in denying it.

For the foregoing reasons, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

HOMER, J., concurs.

JUSTICE HOLDRIDGE, specially concurring:

I concur with the majority's decision to affirm the judgment of the circuit court in this case. However, I must respectfully dissent from the portion of this opinion that follows *People v. Catron*, 285 Ill. App. 3d 36 (1996). I believe *Catron* impermissibly expands the holding in the recent Illinois Supreme Court case *People v. Evans*, 174 Ill. 2d 320, 673 N.E.2d 244 (1996). Therefore, I find that the majority erred in failing to address the merits of the defendant's excessive sentence claim.

*Catron* held that a defendant who pleads guilty in exchange for a range of potential sentences cannot succeed on appeal in arguing only that his sentence was excessive. Under *Catron*, in order to obtain relief, the defendant must first: (1) file a motion to withdraw his guilty plea with the trial court; and (2) show that the granting of the motion is necessary to correct a manifest injustice. As support for that holding, *Catron* relied on *People v. Evans*, 174 Ill. 2d 320, 673 N.E.2d 244 (1996). *Evans* held that a defendant who enters into a *fully negotiated* guilty plea must move to withdraw his plea and prove manifest injustice before he can obtain relief from an allegedly excessive sentence. *Evans*, 174 Ill. 2d at 334, 673 N.E.2d at 251.

*Catron* incorrectly applied the rationale in *Evans* to cases in which the defendant pled guilty in exchange for a range of potential sentences. In *Evans*, the supreme court applied contract principles to the defendant's fully negotiated plea. It found that because the de-

fendant had received the sentence that he bargained for, it would be unfair to the State to allow the defendant to attack his sentence as excessive without having to first move to withdraw his guilty plea. *Evans*, 174 Ill. 2d at 332, 673 N.E.2d at 250. To do so, it noted, would be to "encourage gamesmanship of a most offensive nature." *Evans*, 174 Ill. 2d at 327, 673 N.E.2d at 248.

*Evans* did note, however, that the application of contract law principles to guilty pleas may require tempering in some instances. According to *Evans*, an open guilty plea is a type of plea that may require such tempering. Following the acceptance of an open plea, the trial court is not limited to imposing a sentence previously agreed on by the parties. Instead, the court has discretion to choose from a wide range of possible sentences. The sentence it chooses may or may not be a proper exercise of its discretion. Thus, *Evans* stated that "[b]oth good public policy and common sense dictate that defendants who enter open guilty pleas be allowed to challenge only their sentences without being required to withdraw their guilty pleas." *Evans*, 174 Ill. 2d at 332, 673 N.E.2d at 250.

In my opinion, the plea at issue in this case is more analogous to an open plea than to a fully negotiated plea. Where a defendant pleads guilty in exchange for a sentencing cap, the trial court will choose from a range of potential sentences. As with an open plea, there is always the danger that the court will not properly exercise its discretion. To prohibit such a defendant from appealing an excessive sentence simply because he "bargained for" that range is, in my opinion, fundamentally unfair. For these reasons, I will address the merits of the defendant's claim of excessive sentence.

Here, the defendant claims that, at the sentencing hearing, the trial court did not give sufficient weight to such mitigating factors as his youth, his remorse, and his prospects for rehabilitation. It is well settled that a trial judge's sentencing decision is entitled to great weight, and a sentence will not be reversed absent an abuse of discretion. *People v. Streit*, 142 Ill. 2d 13, 566 N.E.2d 1351 (1991). Further, a reviewing court will not substitute its judgment for that of a sentencing judge simply because it might have balanced the sentencing factors differently. *People v. Pittman*, 93 Ill. 2d 169, 442 N.E.2d 836 (1982).

After a careful review of the record, I find that the trial court did not abuse its discretion in sentencing the defendant to 45 years' imprisonment. The trial court properly reviewed the aggravating and mitigating factors and found the most important factors in sentencing to be the nature and circumstances of the murder as well as the defendant's prior adjudication as a delinquent. Under these circumstances, I see no reason to disturb the sentence imposed by the trial court.