x                         No. 3--97--0137

_________________________________________________________________

    IN THE

                   APPELLATE COURT OF ILLINOIS

                         THIRD DISTRICT

                           A.D., 1997

THE PEOPLE OF THE STATE         )  Appeal from the Circuit Court

OF ILLINOIS,                    )  of the 14th Judicial Circuit,

       )  Rock Island County, Illinois

Plaintiff-Appellee,       )

                                )

v.                         )  No. 96--CF--653

  )

VINCENT D. FRANKS,              )  Honorable

  )  John D. O'Shea,

Defendant-Appellant.       )  Judge Presiding

________________________________________________________________

JUSTICE SLATER delivered the opinion of the court:              _______________________________________________________________

Defendant Vincent D. Franks entered a partially negotiated guilty plea to attempted armed robbery.  720 ILCS 5/8--4, 18--2 (West 1996).  In exchange for the plea, the State agreed to a sentence cap of 10 years' imprisonment and dismissed a charge of aggravated battery.  The trial court accepted the plea and imposed a seven-year prison term.  On appeal, defendant argues that his sentence was an abuse of the trial court's discretion.  We affirm.

FACTS AND PROCEDURAL CONTEXT

The factual basis presented at defendant's guilty plea hearing established that on August 7, 1996, defendant and three other young men executed a scheme to rob a motorist.  They parked along the roadway pretending that their car's radiator was inoperative.  Motorist Anna Jones stopped and agreed to get water for them.  When she returned, defendant took the water, and one of the co-defendants struck her on the head with a hammer.  She fell to the ground.  The men demanded money, but Jones said she had none.  The men then panicked, piled into defendant's car and defendant sped off.  They were later apprehended, and defendant admitted his participation in the offense.  Based on these facts, the court accepted defendant's plea of guilty to the charge of attempted armed robbery and set the cause for sentencing.

At the sentencing hearing, the court heard the parties' evidence and reviewed the circumstances of the offense, the presentence investigation report and a substance abuse evaluation.  Defendant exercised his right of allocution to express his remorse.  The State recommended a four-year prison sentence, and the defense argued for probation.  The court found that probation would be inconsistent with the ends of justice and would not adequately protect the public.  Accordingly, the court imposed a seven-year prison sentence.

Defendant subsequently filed a 
pro
 
se
 motion to withdraw his plea.  After counsel was appointed, defendant's motion was restyled as a request to either withdraw his plea or to reconsider sentence.  The post-plea motion was heard and denied, and defendant appeals. 

STATE'S WAIVER ARGUMENT

Before reaching the merits of defendant's argument, we  address the State's argument that defendant has waived any error in his sentence by failing to persist in his motion to withdraw his plea.  The State argues that a defendant should not be allowed to retain a benefit of his bargain with the prosecutor--
i.e.
, the dismissal of the aggravated battery charge--while asking this court for relief from a sentence within the range he bargained for.  Rather, the State contends, to obtain relief on review, the defendant must first establish the parties' 
status
 
quo
 
ante
 by showing that the trial court abused its discretion in denying the defendant's motion to withdraw his plea.  See 
People v. Evans
, 174 Ill. 2d 320, 673 N.E.2d 244 (1996); 
People v. Sanders
, 286 Ill. App. 3d 1042, 678 N.E.2d 86 (3rd Dist. 1997).  The State's position derives from decisions applying contract principles to appeals from sentences entered upon negotiated guilty pleas.  See 
Evans
, 174 Ill. 2d 320, 673 N.E.2d 244; see also 
Sanders
, 286 Ill. App. 3d 1042, 678 N.E.2d 86; 
People v. Catron
, 285 Ill. App. 3d 36, 674 N.E.2d 141 (4th Dist. 1996).

However, other decisions distinguish 
Evans
 in partially negotiated guilty plea cases.  See, 
e.g.
, 
People v. Wilson
, 286 Ill. App. 3d 169, 675 N.E.2d 292 (2nd Dist. 1997); 
People v. Johnson
, 286 Ill. App. 3d 597, 676 N.E.2d 1040 (2nd Dist. 1997); 
People v. Smith
, No. 2--95--1483 (Ill. App. May 22, 1997); see also 
Sanders
, 286 Ill. App. 3d at 1044-45, 678 N.E.2d at 88-89 (Holdridge, J., specially concurring).  Applying basic principles of due process, these decisions allow a defendant to appeal his sentence without withdrawing his plea whenever the trial court exercised discretion in setting the sentence.  Our supreme court has not resolved whether a defendant whose guilty plea was partially negotiated may challenge only his sentence on review.   Nevertheless, we find that the latter decisions present a compelling case for reviewing a defendant's excessive sentencing issue; therefore, we now retract from our earlier adherence to 
Evans
 and 
Catron
 (see 
Sanders
, 286 Ill. App. 3d 1042, 678 N.E.2d 86) and will consider defendant's argument on its merits.

SENTENCING

Defendant claims that the trial court failed to properly weigh and consider the State's recommendation of four years and numerous factors in mitigation.  He argues that his sentence should be reduced because of his youth and rehabilitative potential; his remorse and willingness to testify against a co-defendant; his lack of a criminal record; and his family support.  We disagree.

It is well settled that the trial court is in a better position than this court to fashion an appropriate sentence.  
People v. Perruquet
, 68 Ill. 2d 149, 368 N.E.2d 882 (1977).  Moreover, a sentencing judge is not limited by a prosecutor's recommendation; and he is presumed to have considered all relevant factors, including any mitigating evidence, absent a contrary showing in the record.  
People v. Back
, 239 Ill. App. 3d 44, 605 N.E.2d 689 (1992).  On review, this court will not substitute its judgment for that of a sentencing judge simply because we might have balanced the factors differently.  
People v. Pittman
, 93 Ill. 2d 169, 442 N.E.2d 836 (1982).  The trial court's determination will not be reversed absent an abuse of discretion.  
People v. Streit
, 142 Ill. 2d 13, 566 N.E.2d 1351 (1991).  A sentence which falls within the statutory range is not an abuse of discretion unless it is manifestly disproportionate to the nature of the offense.  
People v. Nussbaum
, 251 Ill. App. 3d 779, 623 N.E.2d 755 (1993).

We find that the trial court in this case did not abuse its discretion in sentencing defendant to a seven-year prison term.  The record shows that the court considered all of the evidence offered in mitigation and found that it did not justify more than a 3-year reduction from the 10-year sentencing cap defendant agreed to accept when he entered his guilty plea.

The court expressed outrage at the mean-spirited nature of the offense.  The victim, a "good Samaritan," was lured into a planned robbery attempt by defendant and his friends.  While defendant distracted the victim with the water she offered them, a co-defendant crept up from behind and smashed her head with a hammer.  Then, when they learned that she had no money to steal, they drove off.  Based on the senseless violence of the offense, the court properly concluded that probation was not an appropriate sentence.  The court further observed that, although defendant had a relatively clean police record, he admitted using illegal drugs.  In addition, defendant's spotty employment and education history did not demonstrate strong rehabilitative potential. 

The sentence imposed by the trial court fell well within the statutory range for the Class 1 felony (720 ILCS 5/8--4(c)(2), 18--2(b); 730 ILCS 5/5--8--1(a)(4) (West 1996)) and did not exceed the sentence defendant agreed to accept in exchange for the prosecutor's dismissal of the aggravated battery charge.  The sentence is not manifestly disproportionate to the nature of the offense.  Accordingly, it need not be reduced.

CONCLUSION

For the reasons stated, we affirm the judgment of the circuit court of Rock Island County.

Affirmed.

HOLDRIDGE and McCUSKEY, J.J., concur.