THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARTINEZ A. GILL, Defendant-Appellant.

Fourth District   No. 4—96—0757

Opinion filed December 8, 1997.

Daniel D. Yuhas and Arden J. Lang, both of State Appellate Defender's Office, of Springfield, for appellant.

John C. Piland, State's Attorney, of Urbana (Norbert J. Goetten, Robert J. Biderman, and Thomas R. Dodegge, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

On January 3, 1995, defendant Martinez A. Gill entered a negotiated plea of guilty to one count of first degree murder of Shelvin Johnson and one count of aggravated battery with a firearm of Juviouns M. Meeks. Ill. Rev. Stat. 1991, ch. 38, pars. 9—1(a)(1), 12—4.2(a). Pursuant to the plea agreement, the remaining nine charges of first degree murder relating to the deaths of Johnson and Eunice G. Penermon were dismissed. Ill. Rev. Stat. 1991, ch. 38, pars. 9—1(a)(1), (a)(2). Defendant was sentenced to consecutive terms of imprisonment of 60 years for murder and 30 years for aggravated battery with a firearm. The issue on appeal is whether the sentences amounted to an abuse of discretion because the trial court failed to adequately consider defendant's rehabilitative potential. We affirm.

Defendant filed a motion to withdraw his guilty plea and to reconsider his sentence. In the motion, defendant argued that, when the plea agreement was initially offered, a maximum term of 50 years was included. Defendant argues he thought he was going to get a 50-year sentence and had he known he would be sentenced to 90 years, he would not have pleaded guilty. The record shows defendant understood and agreed that the sentence could be between 26 years and 120 years. With regard to sentencing, defendant's motion argued

the trial court should have considered as mitigating his cooperation with the federal Drug Enforcement Agency in a pending investigation and the trial court should have granted a continuance because of a supplement to the presentence investigation report delivered to defendant's counsel the day before sentencing.

■ On appeal, in arguing that his sentence was excessive, defendant contends the trial court (1) did not accord sufficient weight to his cooperation with federal authorities, (2) failed to properly assess information in a psychological report relating to him prepared by Dr. Harry Gunn, and (3) should have given weight to the State's initial 50-year offer. The only one of these arguments contained in defendant's motion to withdraw his guilty plea and reduce his sentence was cooperation with federal authorities being a mitigating factor. As a result, the remaining two issues are waived by failing to raise them in the motion. *People v. Catron*, 285 Ill. App. 3d 36, 38, 674 N.E.2d 141, 142 (1996); 145 Ill. 2d R. 604(d).

■ The issue relating to cooperation with federal authorities also is not properly preserved for appeal. When a defendant appeals a sentence imposed pursuant to a negotiated guilty plea, he must move to withdraw the guilty plea and vacate the judgment and demonstrate that granting the motion is necessary to correct a manifest injustice. *People v. Evans*, 174 Ill. 2d 320, 332, 673 N.E.2d 244, 250 (1996). This court has held that the rule announced in *Evans* applies to cases in which the guilty plea is negotiated, even though it is not entered in exchange for a recommendation by the State for a specific prison term, because by pleading guilty defendant concedes that a sentence imposed within the statutorily prescribed sentencing range is not excessive. *People v. Economy*, 291 Ill. App. 3d 212, 216-19, 683 N.E.2d 919, 922-24 (1997); *Catron*, 285 Ill. App. 3d at 37, 674 N.E.2d at 142. Defendant does not argue that the sentences imposed in this case fall outside the statutory range for the crimes of which he was convicted.

■ In this case, although defendant filed a motion to withdraw the guilty plea in the trial court, on appeal defendant has abandoned the ground asserted as the basis for withdrawing the guilty plea and argues solely that the sentences are excessive. Defendant, therefore, cannot establish that the granting of the motion to withdraw the guilty plea is necessary to correct a manifest injustice. By abandoning the ground to withdraw the guilty plea on appeal, the principles announced in *Evans*, *Economy*, and *Catron* are invoked to prevent defendant from arguing that his sentence is excessive.

Even if the issue had not been waived, it is meritless. The trial court was aware of defendant's cooperation with federal authorities

and considered it. The trial court correctly noted that the history of defendant's juvenile delinquency and adult criminal conduct demonstrated an escalating pattern of violence toward others. The trial court concluded that defendant's impulsiveness and inability to maintain control of himself made him an extremely dangerous person requiring the structure of incarceration.

Absent an abuse of discretion, a sentence will not be overturned on appeal. *People v. Streit*, 142 Ill. 2d 13, 19, 566 N.E.2d 1351, 1353 (1991). It is not this court's function to reweigh the factors involved in sentencing. *People v. Coleman*, 166 Ill. 2d 247, 262, 652 N.E.2d 322, 329 (1995). No abuse of sentencing discretion has been demonstrated.

The judgment of the circuit court of Champaign County is affirmed.

Affirmed.

KNECHT and COOK, JJ., concur.