THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CONNIE J. ZARKA-NEVLING, Defendant-Appellant.

Fourth District    No. 4—98—0867

Opinion filed November 8, 1999.

STEIGMANN, J., dissenting.

Daniel D. Yuhas and Lawrence J. Essig, both of State Appellate Defender's Office, of Springfield, for appellant.

John C. Piland, State's Attorney, of Urbana (Norbert J. Goetten, Robert J. Biderman, and Linda Susan McClain, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE MYERSCOUGH delivered the opinion of the court:

Defendant, Connie J. Zarka-Nevling, pleaded guilty to a Class 4 felony of driving under the influence of alcohol (DUI) (625 ILCS 5/11—501(d)(1)(A) (West Supp. 1997)) in return for the State's promise to dismiss one count of felony driving while license revoked (DWR) (625 ILCS 5/6—303(d) (West Supp. 1997)) and was sentenced to 2¹/₂ years in prison. Defendant timely filed a motion to reconsider sentence, but the court denied it.

Defendant appeals, arguing that (1) the trial court's post-guilty-plea admonitions were deficient; (2) defense counsel provided ineffective assistance of counsel because he failed to file the proper post-guilty-plea motion; and (3) the court abused its discretion by imposing an excessive prison sentence of 2¹/₂ years. We disagree and affirm the trial court.

## I. BACKGROUND

Both parties presented evidence in support of their respective recommendations at defendant's sentencing hearing. The State explained that defendant had four prior convictions for DUI from three separate jurisdictions, a conviction for aggravated battery, and prior terms of court supervision and probation that had been revoked. Testimony also revealed that defendant resisted the arresting officer's attempts to help at the scene of her accident. Based on defendant's criminal history, the presentence report, and an alcohol and drug report summary, the State recommended a three-year prison term.

Defense counsel argued, however, that defendant suffered from serious mental health problems that went unaddressed by the court system until recently. Defendant also presented testimony of friends and family members who asserted that defendant had been attending

counseling and had not consumed any alcohol since the accident. These witnesses further testified that a jail sentence would be inappropriate and potentially harmful, based on defendant's mental condition. The evidence in mitigation concluded with defendant's assertions that she could not actually recall the incident, due to a possible blackout, but that she was remorseful for her actions.

Based on the evidence presented, the trial court sentenced defendant to 2½ years in prison and, in accordance with Supreme Court Rule 605(b) (145 Ill. 2d R. 605(b)), admonished defendant of her right to appeal.

In September 1998, defendant timely filed a motion to reconsider sentence, in which she contended that her sentence was excessive and inappropriate. In October 1998, the trial court denied that motion. Defendant never moved to withdraw her guilty plea. This appeal followed.

## II. ANALYSIS

The parties' briefs present two issues on appeal: (1) whether the trial court violated defendant's right to procedural due process by failing to admonish defendant that she must file a motion to withdraw her guilty plea to challenge her sentence, and (2) whether the trial court abused its discretion by sentencing defendant to 2½ years in prison.

### A. Defendant Need Not Withdraw Guilty Plea To Contest Only Her Sentence on Appeal When Pleading Guilty Solely in Exchange for the State's Dismissal of Additional Charges

#### 1. *Supreme Court Rules 604(d), 605(b), and Evans*

Supreme Court Rule 604(d) reads, in pertinent part, as follows:
"(d) Appeal by Defendant From a Judgment Entered Upon a Plea of Guilty. No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court *a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged,* a motion to withdraw his plea of guilty and vacate the judgment. The motion shall be in writing and shall state the grounds therefor. *** The motion shall be heard promptly, and if allowed, the trial court shall *modify the sentence or* vacate the judgment and permit the defendant to withdraw his plea of guilty and plead anew. *** Upon appeal any issue not raised by the defendant in the motion to *reconsider the sentence or* withdraw the plea of guilty and vacate the judgment shall be deemed waived." (Emphasis added.) 145 Ill. 2d R. 604(d) (emphasized language added April 1, 1992, eff. August 1, 1992).

Prior to the 1992 amendments to Rule 604(d), a defendant could not appeal from a guilty plea unless he first moved in the trial court to withdraw the guilty plea and vacate the judgment, even if he wished to challenge only his sentence. *People v. Stacey*, 68 Ill. 2d 261, 265, 369 N.E.2d 1254, 1256 (1977); *People v. Evans*, 174 Ill. 2d 320, 329-30, 673 N.E.2d 244, 249 (1996). The 1992 amendment to Rule 604(d) permitted a defendant who wished to challenge only his sentence without withdrawing his guilty plea to file a motion to that effect.

■ The supreme court similarly amended Rule 605(b)(2) at the same time it amended Rule 604(d) to change the trial court's post-guilty-plea admonition to a defendant by explaining that he needed to file within 30 days a written motion asking *either* to reconsider the sentence or to have the judgment vacated and the guilty plea withdrawn. Supreme Court Rule 605(b) now reads, in pertinent part, as follows:

"(b) On Judgment and Sentence Entered on a Plea of Guilty. In all cases in which a judgment is entered upon a plea of guilty, at the time of imposing sentence, the trial court shall advise the defendant substantially as follows:

(1) that he has a right to appeal;

(2) that prior to taking an appeal he must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the *trial court reconsider the sentence or to have the* judgment vacated and for leave to withdraw his plea of guilty, setting forth his grounds for the motion;

(3) that if the motion is allowed, the sentence will be modified or the plea of guilty, sentence[,] and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made;

\* \* \*

(6) that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to *reconsider the sentence or to* vacate the judgment and to withdraw his plea of guilty shall be deemed waived."

(Emphasis added.) 145 Ill. 2d R. 605(b) (emphasized language added April 1, 1992, eff. August 1, 1992).

Uncertainty still existed, however, regarding how Rule 604(d) applied to negotiated guilty pleas, as opposed to open guilty pleas. The supreme court attempted to resolve this uncertainty in *Evans*, 174 Ill. 2d at 324-32, 673 N.E.2d 246-50.

■ In *Evans*, two defendants entered into negotiated plea agreements in which each pleaded guilty to certain charges in exchange for the State's agreement to dismiss other charges and recommend a

specific sentence. *Evans*, 174 Ill. 2d at 321-24, 673 N.E.2d at 245-46. The supreme court held that "following the entry of judgment on a negotiated guilty plea, even if a defendant wants to challenge only his sentence, he must move to withdraw the guilty plea and vacate the judgment so that, in the event the motion is granted, the parties are returned to the status quo." *Evans*, 174 Ill. 2d at 332, 673 N.E.2d at 250. Therefore, "for a defendant to prevail in a challenge to a sentence entered pursuant to a negotiated plea agreement, a defendant must (1) move to withdraw the guilty plea and vacate the judgment, and (2) show that the granting of the motion is necessary to correct a manifest injustice." *Evans*, 174 Ill. 2d at 332, 673 N.E.2d at 250.

The reasoning behind *Evans*, however, is of particular interest to the case at hand. Relying on contract principles, the court reasoned that defendants should not be able to unilaterally seek to reduce their agreed-upon sentences, yet still hold the State to its part of the bargain. *Evans*, 174 Ill. 2d at 327, 673 N.E.2d at 247-48. In addition, the *Evans* court agreed with the State's argument that "Rule 604(d)'s motion-for-sentence-reconsideration provisions were intended to apply only to open guilty pleas." *Evans*, 174 Ill. 2d at 331, 673 N.E.2d at 250. The court reasoned that, "[f]ollowing a defendant's open guilty plea, *the trial court exercises its discretion* and determines the sentence to be imposed." (Emphasis added.) *Evans*, 174 Ill. 2d at 332, 673 N.E.2d at 250.

The supreme court defined an "open" plea, however, as a plea of "guilty without receiving any promises from the State in return." *Evans*, 174 Ill. 2d at 332, 673 N.E.2d at 250. This definition unfortunately failed to acknowledge that the trial court also exercises full discretion in determining the sentence to be imposed when a defendant pleads guilty solely in exchange for the State's promise to dismiss additional charges. The question remained unanswered as to whether a defendant who pleads guilty solely in exchange for the State's promise to dismiss additional charges, who does not want to withdraw his guilty plea but only wants to challenge his sentence, still needs to file a motion to vacate his guilty plea (as opposed to filing only a motion to reconsider sentence) to preserve the sentencing issue for appeal.

## 2. *Case Law Since Evans*

Since *Evans*, this court has moved toward the proposition that *Evans* has created a bright-line rule that distinguishes between open pleas and all variations of negotiated pleas. For example, in *People v. Catron*, 285 Ill. App. 3d 36, 37, 674 N.E.2d 141, 142 (1996), defendant pleaded guilty to six counts of residential burglary in return for the State's agreement to recommend between 4 and 15 years' imprison-

ment and to file no additional charges. Using the contract principles relied upon in *Evans*, this court held that when a defendant agrees to a potential range of sentences in either a partially or fully negotiated plea agreement, he implicitly concedes any sentence imposed within the range cannot be excessive. *Catron*, 285 Ill. App. 3d at 37, 674 N.E.2d at 142; but see *People v. Sanders*, 286 Ill. App. 3d 1042, 1044, 678 N.E.2d 86, 88 (1997) (Holdridge, J., specially concurring) ("I believe *Catron* impermissibly expands the holding in the recent Illinois Supreme Court case *People v. Evans*").

In *People v. Economy*, 291 Ill. App. 3d 212, 215, 683 N.E.2d 919, 922 (1997), defendant pleaded guilty in exchange for the State's promise to drop some charges and not seek extended-term sentencing. Once again relying on the contract principles espoused in *Evans*, this court reaffirmed its holding in *Catron* and asserted that the plain language of *Evans* treats all negotiated pleas the same. *Economy*, 291 Ill. App. 3d at 218, 683 N.E.2d at 924. Notably, this court also went to great lengths to distinguish its approach and policy rationales from those of the Second District Appellate Court, asserting that the "primary concern of the *Evans* court was not the logical basis for reviewing the trial court, but a concern for preserving the bargain reached between the defendant and the State." *Economy*, 291 Ill. App. 3d at 217, 683 N.E.2d at 923. This court ultimately concluded, however, that the bargain is the same whether a defendant pleads guilty in exchange for a specific term or pleads to a lesser charge: to reduce the possible punishment. *Economy*, 291 Ill. App. 3d at 219, 683 N.E.2d at 924; see also *People v. Payne*, 294 Ill. App. 3d 254, 258, 689 N.E.2d 631, 633 (1998) (holding that when a defendant agrees to a potential range of sentences, defendant implicitly concedes that a sentence imposed within the range cannot be excessive and that defendant is entitled to complain only if the agreement has been broken).

Finally, in *People v. Gill*, 293 Ill. App. 3d 326, 327, 687 N.E.2d 1186, 1186 (1997), a defendant pleaded guilty to one count of first degree murder and one count of aggravated battery, in exchange for the State's dismissal of nine remaining charges of murder. This court held, without employing the contract analysis used in *Evans*, that "the rule announced in *Evans* applies to cases in which the guilty plea is negotiated, even though it is not entered in exchange for a recommendation by the State for a specific prison term, because by pleading guilty defendant concedes that a sentence imposed within the statutorily prescribed sentencing range is not excessive." *Gill*, 293 Ill. App. 3d at 328, 687 N.E.2d at 1187. In short, *Gill* summarily concluded that *Evans*, *Economy*, and *Catron* applied to the facts at hand. *Gill*, 293 Ill. App. 3d at 328, 687 N.E.2d at 1187.

The supreme court itself revisited the *Evans* rule in *People v. Clark*, 183 Ill. 2d 261, 262, 700 N.E.2d 1039, 1040 (1998). In *Clark*, a defendant pleaded guilty in exchange for the State's agreement to recommend a particular sentence, but the parties disagreed whether that sentence should be served consecutively to or concurrently with sentences imposed by another state. The parties agreed to have the trial court resolve the issue, and the trial court ordered the sentence imposed to be served consecutively. However, because defendant filed a motion to reconsider his sentence and did not file a motion to withdraw his guilty plea, the supreme court held that the plea agreement between the parties constituted "a negotiated plea agreement, as contemplated in *Evans*" (*Clark*, 183 Ill. 2d at 262, 700 N.E.2d at 1040), and dismissed the defendant's appeal. *Clark*, 183 Ill. 2d at 262-65, 700 N.E.2d at 1040-42.

### 3. The Linder Decision

In *People v. Linder*, 186 Ill. 2d 67, 68-71, 708 N.E.2d 1169, 1170-71 (1999), the supreme court once again addressed an appellate court inconsistency regarding whether the *Evans* rule applied when a defendant pleads guilty in return for the State's promise to recommend a sentencing cap, instead of a particular term of years. Citing this court's decision in *Catron* favorably, the supreme court held that when a defendant pleads guilty in exchange for a cap on the length of sentence, the defendant cannot file a motion to reconsider sentence without first moving to withdraw his guilty plea. *Linder*, 186 Ill. 2d at 74, 708 N.E.2d at 1172-73. The supreme court reasoned:

> "Where the sentence imposed is within the agreed-upon cap, as the sentences here were, allowing the defendant to seek reconsideration of his sentence without also moving to withdraw his guilty plea unfairly binds the State to the terms of the plea agreement while giving the defendant the opportunity to avoid or modify those terms. That is precisely the situation the *Evans* rule was designed to prevent." *Linder*, 186 Ill. 2d at 74, 708 N.E.2d at 1172-73.

However, as the specially concurring opinion of Chief Justice Freeman indicates, the supreme court's decision in *Linder* did not conclusively address all of the circumstances in which a defendant and the State can negotiate for the defendant to enter a guilty plea. *Linder*, 186 Ill. 2d at 75-80, 708 N.E.2d at 1173-76 (Freeman, C.J., specially concurring). The *Linder* majority addressed a plea scenario that Chief Justice Freeman defined as "(c) [t]he 'negotiated as to charge and/or sentence' plea," whereas this case presents another plea scenario, referred to by the Chief Justice as "(b) [t]he 'negotiated as to charge' plea." *Linder*, 186 Ill. 2d at 77, 708 N.E.2d at 1174 (Freeman, C.J., specially concurring). Chief Justice Freeman noted that the majority

missed the opportunity to definitively determine whether "negotiated as to charge" pleas fell under the *Evans* rule. Chief Justice Freeman further points out that, although the majority's contract analysis focuses primarily on the defendant's view of the bargain, it is the existence of a sentencing concession on behalf of the State that actually triggers the application of the holding in *Evans*. *Linder*, 186 Ill. 2d at 79-80, 708 N.E.2d at 1175 (Freeman, C.J., specially concurring). The Chief Justice concludes, therefore, that when a defendant pleads guilty solely in exchange for the State's promise to dismiss additional charges, "defendant's motion to reconsider sentence would not run afoul of his or her agreement [because] the parties never made the sentence a part of their bargain—and all contract principles are honored. None of the concerns of *Evans* arise in such cases, and its holding necessarily is inapplicable to them." *Linder*, 186 Ill. 2d at 80, 708 N.E.2d at 1175 (Freeman, C.J., specially concurring).

■ We agree with Chief Justice Freeman's analysis with respect to this undecided area of law. The negotiated plea rule in *Evans* focused on returning the parties to their status quo. *Evans*, 174 Ill. 2d at 332, 673 N.E.2d at 250. The *Evans* court found that it "flies in the face of contract law principles" (*Evans*, 174 Ill. 2d at 327, 673 N.E.2d at 248) to allow defendants to unilaterally modify their agreements, while holding the State to its end of the bargain. *Evans*, 174 Ill. 2d at 327, 673 N.E.2d at 247-48. However, when a defendant pleads guilty solely in return for the State's promise to dismiss additional charges, the State and defendant receive exactly what they bargained for—a guilty plea in exchange for dismissing charges. There simply is no agreement as to sentence. The court alone decides the sentence. Therefore, a defendant should be able to file a motion for reconsideration of his sentence without also having to file a motion to withdraw his guilty plea.

In addition, we must acknowledge the fact that the State cannot always prove all of the charges that it files. Dismissing weaker charges is part of the traditional negotiation process used to secure a guilty plea, without incurring the additional work or expense of proving charges in a trial. It is inequitable to assume, therefore, that the State does not receive the benefit of its bargain when, in exchange for a guilty plea, the State dismisses a charge that was weak or possibly unprovable. To hold otherwise would encourage the State to overcharge because it would derive a benefit from doing so, thereby reviving the gamesmanship sought to be eliminated by *Evans*. See *Evans*, 174 Ill. 2d at 327-28, 673 N.E.2d at 248.

Although we acknowledge that the State has conceded the opportunity to prove that a defendant is guilty of the dismissed charge,

albeit voluntarily, the true value of that opportunity is dependent upon (1) whether the defendant is actually guilty of the dismissed charge and/or (2) whether the State could successfully prove that the defendant was guilty of the dismissed charge. Therefore, one must assume a defendant's guilt to argue that the State has actually conceded something of value.

In conclusion, we note that both parties in this appeal assumed that defendant was required to withdraw her guilty plea to challenge only her sentence on appeal. As our colleague's dissent explains, a sound basis exists in law for this presumption. However, a number of appellate decisions on this issue since *Linder* demonstrate the apparent inequities in such a position and suggest that further guidance from the supreme court is necessary. See *People v. Knowles*, 304 Ill. App. 3d 472, 475, 710 N.E.2d 1238, 1240 (1999) (holding that, although defendant was required to withdraw his guilty plea because he pleaded guilty in return for the State's promise to reduce the original charge, fundamental fairness required that the case be remanded so that defendant could be more adequately admonished regarding postplea relief), *appeal denied*, 189 Ill. 2d 670 (2000); *People v. Wyatt*, 305 Ill. App. 3d 291, 293-94, 712 N.E.2d 343, 345-46 (1999) (holding that defendant who pleaded guilty to burglary and escape charges in return for State's promise to dismiss a theft charge and to forego prosecution of further charges was not required to withdraw his guilty plea because the plea agreement included no agreement as to the sentence), *appeal denied*, 189 Ill. 2d 680 (2000); *People v. Didier*, 306 Ill. App. 3d 803, 805-09, 715 N.E.2d 321, 323-25 (1999) (holding inapplicable the rule that defendant was required to withdraw his guilty plea because he pleaded guilty in return for the State's promise to recommend a sentencing cap and dismiss additional charges, where defendant argued trial court imposed sentences that violated statutory terms, but also remanding because fundamental fairness required that defendant be more adequately admonished regarding postplea relief), *appeal denied*, 189 Ill. 2d 575 (1999); *People v. Mast*, 305 Ill. App. 3d 727, 732-33, 713 N.E.2d 242, 245-46 (1999) (holding that a defendant who pleads guilty to one count of reckless homicide in exchange for the State's promise to dismiss the remaining indictments can challenge his sentence on appeal without also having to file a motion to withdraw his guilty plea), *appeal denied*, 189 Ill. 2d 671 (2000); *People v. Doguet*, 307 Ill. App. 3d 1, 6-7, 716 N.E.2d 818, 822 (1999) (holding that defendant's failure to move to withdraw plea, in connection with which State had agreed not to seek an extended-term sentence, resulted in waiver of right to challenge sentence of 20 years or less as excessive,

but remanded to allow defendant to be properly admonished regarding withdrawal of guilty plea), *appeal denied*, 191 Ill. 2d 541 (2000).

●5 The Supreme Court of Illinois has stated that " 'plea bargaining, when properly administered, is to be encouraged.' " *Evans*, 174 Ill. 2d at 325, 673 N.E.2d at 247, quoting *People v. Boyt*, 109 Ill. 2d 403, 416, 488 N.E.2d 264, 271 (1985). Therefore, we should avoid a bright-line rule that places meaningless procedural obstacles in the path of an appeal. Accordingly, we hold that (1) the trial court's post-guilty-plea admonitions were sufficient because defendant was not required to withdraw her guilty plea to contest only her sentence on appeal, and (2) defense counsel was not ineffective because he filed the proper post-guilty-plea motion. To the extent that *Gill* contradicts this opinion, it is expressly overruled. We reaffirm our decisions in *Catron*, *Economy*, and *Payne*, however, because those cases specifically involved sentencing concessions on the part of the State, *i.e.*, all were "negotiated as to charge and/or sentence" pleas.

## B. The Trial Court Did Not Abuse Its Discretion

A trial court's sentencing decisions are entitled to great deference and weight and will not be overturned on appeal absent an abuse of discretion. *People v. Streit*, 142 Ill. 2d 13, 18-19, 566 N.E.2d 1351, 1353 (1991). Defendant asserts that the trial court abused its discretion by giving too much weight to aggravating factors and too little weight to mitigating factors, and by failing to sentence defendant with the constitutional objective of restoring the offender to useful citizenship. We disagree.

Sentencing involves dual considerations, and a defendant's rehabilitative potential is not entitled to greater weight than the seriousness of the offense. *People v. Coleman*, 166 Ill. 2d 247, 261, 652 N.E.2d 322, 329 (1995). In addition, when mitigating factors are presented to the court, we presume that the trial court considered them, absent some contrary evidence. *Payne*, 294 Ill. App. 3d at 260, 689 N.E.2d at 635. We presume, therefore, that the trial court adequately weighed defendant's history of mental illness and family support.

A reviewing court's function is not to reweigh the factors involved in sentencing. *Coleman*, 166 Ill. 2d at 262, 652 N.E.2d at 329. Aggravated DUI for a third or subsequent offense is a Class 4 felony and punishable by a term of imprisonment from one to three years. Defendant's sentence was within that range. Accordingly, we hold that the trial court did not abuse its discretion by sentencing defendant to 2¹/₂ years in prison.

## III. CONCLUSION

For the reasons stated, we affirm the trial court.

Affirmed.

COOK, J., concurs.

JUSTICE STEIGMANN, dissenting:

The question this case presents is whether a defendant must move to withdraw her guilty plea before appealing her sentence in a case like this, in which the State dismissed a pending charge against defendant in exchange for her guilty plea to another charge, but in which the parties reached no agreement regarding sentencing.

Following the supreme court's teachings in *Evans*, *Clark*, and *Linder*, and consistent with our holding in *Catron*, we should hold that the *Evans* rule does apply here—that is, that a negotiated plea agreement occurred in this case, requiring defendant to move to withdraw her guilty plea, not just move to reconsider sentence, before she can appeal her sentence. Accordingly, we should dismiss the appeal. Because the majority opinion addresses defendant's appeal on the merits, I respectfully dissent.

The crux of the majority's holding is its rejection of the idea that the State gives something up when it agrees to dismiss a charge in exchange for a defendant's guilty plea without an agreement regarding either (1) the sentence the trial court will impose or (2) a cap on that sentence. The supreme court has never so held, and I disagree with the majority's holding for the following reasons.

The majority states that it "must acknowledge the fact that the State cannot always prove all of the charges that it files." 308 Ill. App. 3d at 524. The trouble with this assessment is that it presumes the opposite is true—that is, that the State routinely files charges it cannot prove and that any charge it agrees to dismiss is meritless. In reality, the trial court does not know—and cannot know—which charges the State could prove and which charges it could not prove if a trial were held. Although, in a given case, the State cannot prove all of the charges originally filed, surely the State has given something of benefit to the defendant when it dismisses charges that it could have proved. Yet, a rule governing trial court admonitions to be given after a defendant has pleaded guilty cannot be premised on whether the State dismissed "good" charges or questionable ones. Because neither the trial court, this court, nor even (in most cases) the defendant can know the answer to that question, the rule must apply across the board. And that rule should be one that presumes all charges are filed

in good faith and that dismissals made in exchange for guilty pleas are "negotiated" within the meaning of *Evans.*

Contrary to the majority's assertion that, under such a rule, "one must assume a defendant's guilt to argue that the State has actually conceded something of value" (308 Ill. App. 3d at 525), all one must assume is that the State *may have* conceded something of value. Under the majority's holding, an irrebuttable presumption exists that, *in all cases*, the State has conceded *nothing* of value—a position that is demonstrably false.

When a defendant appeals a guilty plea in violation of the *Evans* rule, the appellate court must dismiss that appeal. The supreme court in *Linder* was clear on this point:

"Where a defendant fails to comply with the motion requirements of Rule 604(d), as these defendants did, the appellate court must dismiss the appeal (*People v. Jamison*, 181 Ill. 2d 24, 28-29[, 690 N.E.2d 995, 997] (1998)), leaving the Post-Conviction Hearing Act [(725 ILCS 5/122—1 *et seq.* (West 1996))] as the defendant's only recourse (*People v. Foster*, 171 Ill. 2d 469, 471[, 665 N.E.2d 823, 824] (1996))." *Linder*, 186 Ill. 2d at 74, 708 N.E.2d at 1173.

Although defendant concedes that the rule from *Evans* and *Linder* applies to the negotiated guilty plea she entered, she nonetheless contends that the trial court's post-guilty-plea admonitions were deficient. Specifically, defendant claims the court was duty-bound to inform her that, in order to challenge her sentence on appeal, she needed to first move to withdraw the guilty plea and vacate the judgment, not just file a motion to reconsider. The problem with this argument is that the trial court, in its post-guilty-plea admonitions, complied fully with Rule 605(b) as presently written, and defendant does not even contend otherwise. Thus, defendant's argument amounts to an attack on the adequacy of Rule 605(b) itself. In effect, defendant is arguing that the rule the supreme court has promulgated regarding admonitions for defendants who plead guilty, if followed, results in the denial of due process. This conclusion is not one we can reach.

Thus, I disagree with the Second District's opinion in *Knowles*, 304 Ill. App. 3d at 475, 710 N.E.2d at 1240, where that court, after concluding that the defendant should have filed a motion to withdraw his guilty plea and not just a motion to reconsider sentence before taking his appeal, wrote the following:

"Since the trial court advised defendant that he could file either a motion to withdraw his guilty plea or a motion to reconsider his sentence, fundamental fairness requires that we remand the cause with directions for the trial court to admonish defendant of his

right to file a motion to withdraw his guilty plea and the consequences thereof, pursuant to Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d))."

Although the Second District's concerns are understandable, the remedy used in *Knowles* does not comport with the directions of the supreme court in *Linder*, particularly when the trial court's admonitions fully comply with the requirements of Rule 605(b).

As some have suggested, Rule 605(b) might be improved if it contained an explicit provision regarding negotiated pleas, containing the *Evans* rule verbatim within the body of Rule 605(b) itself. However, any modification of that rule must come from the supreme court, not this court.