THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GREG WHITE, Defendant-Appellant.

Fourth District   No. 4—00—0434

Argued May 16, 2001.—Opinion filed June 14, 2001.

Daniel M. Kirwan and Larry R. Wells, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Scott Rueter, State's Attorney, of Decatur (Norbert J. Goetten, Robert J. Biderman, and James C. Majors, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

Defendant, Greg White, appeals from the order of the circuit court of Macon County dismissing as frivolous and patently without merit his *pro se* petition for relief pursuant to section 122—2.1(2) of the Post-Conviction Hearing Act (725 ILCS 5/122—2.1(2) (West 1998)). The issues are whether (1) the petition stated the gist of a meritorious claim, (2) the cause should be remanded for consideration of defendant's *pro se* motion to withdraw the guilty plea filed in the underlying action, and (3) the imposition of consecutive sentences was unconstitutional. We reverse and remand.

In return for the dismissal of a charge of attempt (first degree murder), defendant pleaded guilty to aggravated battery with a firearm (720 ILCS 5/12—4.2(a)(1) (West 1996)) and home invasion (720 ILCS 12—11(a)(1) (West 1996)). The trial court sentenced defendant to consecutive terms of imprisonment of 25 years for aggravated battery and 15 years for home invasion. Defendant's motion to reduce his sentence was denied. On direct appeal, this court affirmed the judgment and sentence and remanded the cause to amend the sentencing order to reflect defendant's eligibility for day-for-day good-time credit under section 3—6—3 of the Unified Code of Corrections (Unified Code) prior to the amendments that were later found unconstitutional (see 730 ILCS 5/3—6—3 (West 1992)). *People v. White*, No. 4—97—1159 (June 3, 1999) (unpublished order under Supreme Court Rule 23).

■ Defendant argues that his postconviction petition alleged the gist of a meritorious claim on two grounds, to wit: (1) he was provided ineffective assistance of counsel at the post-guilty-plea-motion stage for the failure to file a sufficient certificate pursuant to Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d) (as amended effective November 1, 2000; see 188 Ill 2d R. 604(d))) and ineffective assistance of appellate counsel for failing to raise that issue; and (2) defendant's *pro se* motion to withdraw his guilty plea was not considered and ruled on prior to his direct appeal and appellate counsel was ineffective for failing to raise that issue on direct appeal. This court considers *de novo* the sufficiency of the allegations of the postconviction petition. *People v. Coleman*, 183 Ill. 2d 366, 387-88, 701 N.E.2d 1063, 1075 (1998).

■ To be entitled to an evidentiary hearing in a postconviction proceeding, defendant's petition must make a substantial showing of a violation of a constitutional right supported by the record or accompanying affidavits. *People v. Coleman*, 183 Ill. 2d at 381, 701 N.E.2d

at 1072. Defendant's postconviction petition was supported by his own affidavit.

■ Ineffective assistance of counsel claims are reviewed under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984). Reversal under *Strickland* requires defendant to prove that (1) the conduct of trial counsel fell below an objective standard of reasonableness (*Strickland*, 466 U.S. at 688, 80 L. Ed. 2d at 693, 104 S. Ct. at 2064) and (2) the deficient performance prejudiced defendant such that a "reasonable probability" exists that the result would have been different but for the deficient performance (*Strickland*, 466 U.S. at 694, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068). If it is easier to dispose of a claim for lack of sufficient prejudice accruing to defendant, that course should be taken. *Strickland*, 466 U.S. at 697, 80 L. Ed. 2d at 699, 104 S. Ct. at 2069; *Coleman*, 183 Ill. 2d at 397-98, 701 N.E.2d at 1079. We judge claims of ineffective assistance of appellate counsel under the same standards. See *People v. Salazar*, 162 Ill. 2d 513, 521, 643 N.E.2d 698, 703 (1994). To establish ineffective assistance of appellate counsel, defendant must demonstrate that (1) the failure to raise an issue was objectively unreasonable, and (2) but for the failure to raise the issue, the trial court's ruling would have been reversed. *People v. Flores*, 153 Ill. 2d 264, 283, 606 N.E.2d 1078, 1087 (1992), quoting *People v. Caballero*, 126 Ill. 2d 248, 270, 533 N.E.2d 1089, 1096 (1989).

■ In this case, defendant's trial counsel did file a Rule 604(d) certificate. We agree with defendant that the certificate was inadequate. Under Rule 604(d), the attorney representing the defendant at the postplea motion stage is required to file:

> "a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain his contentions of error in the sentence or the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." 145 Ill. 2d R. 604(d).

Here, the certificate of attorney James R. Coryell stated that he conferred with defendant in the county jail prior to defendant being sent to the Department of Corrections and by mail after defendant's incarceration. Defendant correctly points out that Coryell failed to specifically state that he consulted with defendant about the contentions of error in the plea and sentence and that he had made any amendment to defendant's *pro se* motion to withdraw the guilty plea necessary for adequate presentation of any defects in the proceedings.

■ In *People v. Munetsi*, 283 Ill. App. 3d 326, 332-33, 669 N.E.2d

1258, 1263 (1996), *overruled on other grounds in People v. Fitzgibbon*, 184 Ill. 2d 320, 326, 704 N.E.2d 366, 369 (1998), this court determined that the issue of the adequacy of a Rule 604(d) certificate could not be waived by defendant because strict compliance with the rule was required. Although postplea defense counsel is primarily responsible for compliance, the trial court and the prosecutor are also obligated to ensure compliance. *People v. Oliver*, 276 Ill. App. 3d 929, 932-33, 659 N.E.2d 435, 438 (1995). In this case, neither the State nor defendant's appellate counsel on direct appeal brought this deficiency to this court's attention, nor did this court *sua sponte* raise the issue. Had the issue been raised on direct appeal, the court could have remanded for strict compliance with Rule 604(d). See *People v. Janes*, 158 Ill. 2d 27, 35, 630 N.E.2d 790, 793 (1994).

Here, the record establishes the objectively unreasonable performance of Coryell and defendant's appellate counsel as a matter of law. We next consider whether defendant was prejudiced by counsel's deficient performances. Defendant has filed no affidavit from Coryell or anyone else, including defendant, averring facts that would establish that Coryell did not strictly comply with Rule 604(d), other than his failure to file a perfectly drafted certificate. In assessing the prejudice to defendant, we turn to the question of the conflict of interest. The record establishes that defendant pleaded guilty on April 9, 1997. The trial court sentenced defendant on May 20, 1997. On May 30, 1997, Coryell filed a motion to reduce sentence on defendant's behalf, along with the purported Rule 604(d) certificate. The State filed a motion to dismiss on June 6, 1997, that was later denied. On June 24, 1997, defendant, *pro se*, filed (1) a motion for reduction of sentence, (2) notice of filing the motion for reduction of sentence, (3) a proposed order on the motion for reduction of sentence, (4) a motion to proceed *in forma pauperis* and for appointment of counsel, (5) an affidavit *in forma pauperis*, and (6) a petition to withdraw the guilty plea and vacate the sentence. The motion to withdraw the guilty plea primarily challenged the sentence, but also alleged that the plea was not "completely voluntary" because of representations made to defendant by Coryell about the sentence defendant would receive. Attached to defendant's *pro se* motion to withdraw the guilty plea was a handwritten addendum alleging, among other things, that Coryell did not provide defendant with discovery prior to defendant pleading guilty and told defendant that, if he pleaded guilty, he would receive a 10-year sentence. Nevertheless, on July 1, 1997, the trial court reappointed Coryell to represent defendant on the motion to withdraw the guilty plea. At that time, the trial court ruled that defendant's *pro se* motion was timely filed and there was discussion by the court and

counsel about the two motions pending. On December 2, 1997, the trial court denied defendant's motion to reduce the sentence. The direct appeal followed. The record does not reflect any discussion of or ruling on the motion to withdraw the guilty plea in the trial court.

On direct appeal, in an attempt to get the sentencing issues before this court, the defendant's brief represented that the trial court's ruling was a denial of both motions. This court accepted that characterization in light of the nature of the issues raised on appeal and the fact that the State did not challenge defendant's ability to raise sentencing issues following the denial of a motion to reduce the sentence. Although the State now recognizes that defendant did not have to file a motion to withdraw the guilty plea to challenge his sentence on appeal (see *People v. Lumzy*, 191 Ill. 2d 182, 187, 730 N.E.2d 20, 22-23 (2000)), at the time of the direct appeal, this court had determined that the excessiveness of the sentence could not be challenged if there had been a negotiated plea involving dismissal of other charges (see *People v. Zarka-Nevling*, 308 Ill. App. 3d 516, 521-23, 720 N.E.2d 334, 338-39 (1999) (discussing the development of case law and in particular, *People v. Gill*, 293 Ill. App. 3d 326, 327, 687 N.E.2d 1186, 1186 (1997))). Therefore, to invoke the jurisdiction of this court and to preserve the sentencing issues for review, defendant construed the December 2, 1997, order of the trial court as denying both motions.

■ We consider the totality of defendant's actions, arguing only the motion to reduce the sentence in the trial court, appealing directly thereafter, and arguing on appeal issues relating to sentencing, as an abandonment of the defendant's *pro se* motion to withdraw the guilty plea. We also note that the defendant may not simultaneously proceed *pro se* and by counsel. See *People v. Handy*, 278 Ill. App. 3d 829, 836-37, 664 N.E.2d 1042, 1046-47 (1996) (defendant's *pro se* motion to reduce sentence was not properly before the trial court when defendant was represented by counsel since defendant may not proceed both by counsel and *pro se*). We reject defendant's argument that his motion to withdraw the guilty plea remains pending and his suggestion that this court can remand to the circuit court for consideration of that motion regardless of the outcome of the postconviction proceeding.

■ The question remaining is whether defendant's *pro se* motion to withdraw the guilty plea exhibited such a conflict of interest that a gist of a meritorious claim for postconviction relief based on ineffective assistance of counsel has been set out in this case. The supreme court has recognized that it contravenes human nature to expect counsel to adequately argue his own ineffectiveness. See *People v.*

*Janes*, 168 Ill. 2d 382, 386, 660 N.E.2d 980, 982 (1995) (*Janes II*), citing *Flores*, 153 Ill. 2d at 282, 606 N.E.2d at 1086-87, citing *People v. Gaines*, 105 Ill. 2d 79, 91, 473 N.E.2d 868, 875 (1984). In *Janes II*, the court observed that the conflict of interest issue premised on ineffective assistance of counsel was waived for the failure to raise that issue in an earlier proceeding. *Janes II*, 168 Ill. 2d at 387, 660 N.E.2d at 982. Here, defendant avoids waiver by arguing ineffective assistance of appellate counsel. Where a defendant alleges that defense counsel provided ineffective assistance at the guilty plea stage, it is a conflict of interest for that same attorney to represent defendant on the motion to withdraw the guilty plea alleging said ineffective assistance. *People v. Williams*, 176 Ill. App. 3d 73, 79, 530 N.E.2d 1049, 1053 (1988); *People v. Willis*, 134 Ill. App. 3d 123, 133, 479 N.E.2d 1184, 1191 (1985). Defendant's appellate counsel did not raise the conflict of interest issue on direct appeal in spite of the fact that the record could have supported such an argument.

Even though the defendant could not proceed *pro se* and by counsel simultaneously, we do not accept the State's contention that there was no *per se* conflict of interest as a result because defendant's *pro se* petition to withdraw the guilty plea was not properly before the trial court. The allegations of ineffective assistance were before the trial court, the trial court was aware of them, and in spite of the allegations of ineffective assistance, the trial court appointed Coryell to represent defendant on the motion to withdraw the guilty plea.

Defendant's *pro se* postconviction petition alleged a gist of meritorious claim of ineffective assistance of Coryell, based on (1) his not providing discovery to defendant in advance of the guilty plea, (2) telling defendant he would receive a 10-year sentence, or (3) failing to file a petition to withdraw the guilty plea or pursue defendant's *pro se* petition based on either or both of those grounds. Defendant's *pro se* postconviction petition alleged that Coryell failed to investigate, failed to advise defendant of the amount of time to which he could be sentenced, misinformed defendant of the maximum sentence offered in return for pleading guilty, and failed to pursue the motion to withdraw the guilty plea on the basis of the ineffective assistance of counsel claims.

Defendant's *pro se* motion to withdraw the guilty plea was ignored by the trial court and the conflict of interest question was never addressed. Counsel other than Coryell should have been appointed to represent defendant so that that new counsel could pursue the allegations of ineffective assistance. Accordingly, based on the arguments before this court, we find that defendant's petition does state a claim for ineffective assistance of counsel in failing to pursue the defendant's *pro se* motion to withdraw the guilty plea.

■ The final issue is whether the consecutive sentences imposed pursuant to section 5—8—4(a) of the Unified Code (730 ILCS 5/5—8—4(a) (West 1996)) violated defendant's rights to due process and a jury trial (U.S. Const., amends. V, VI) under the standards announced in *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). This court has rejected that argument. *People v. Ransom*, 319 Ill. App. 3d 915, 923-26 (2001). We follow *Ransom* in finding that consecutive sentences pursuant to section 5—8—4(a) of the Unified Code do not violate defendant's rights to due process and a jury trial. In addition, we note that this issue may not be raised for the first time in a collateral attack when the underlying conviction had become final prior to the decision in *Apprendi*. *People v. Helton*, 321 Ill. App. 3d 420 (2001).

The judgment of the circuit court of Macon County is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

STEIGMANN, P.J., and KNECHT, J., concur.