No. 3--05--0692

Filed August 29, 2007.
IN THE APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2007

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 04-CF-1079 |
| TODD E. JACKSON, | ) ) | Honorable Daniel J. Rozak, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE CARTER delivered the opinion of the court:

After a jury trial, defendant, Todd E. Jackson, was convicted of one count of unlawful possession of cocaine with intent to deliver and two counts of unlawful delivery of cocaine. Defendant was sentenced to concurrent terms of imprisonment of 20, 14, and 8 years, and was assessed three mandatory drug assessment fees, one for each conviction. Defendant appeals and argues that: (1) the trial judge committed an abuse of discretion in sentencing him to a lengthy prison term, and (2) two of the three mandatory drug assessment fees must be vacated. We affirm the prison terms that were imposed upon defendant, vacate two of the three mandatory drug assessment fees, and remand this case to the trial court with directions to amend the defendant's sentence and the memorandum of judgment accordingly.

FACTS

Defendant was found guilty by a jury of one count of unlawful possession of cocaine with intent to deliver (720 ILCS 570/401(a)(2)(A) (West 2004)), a Class X felony, and two counts of unlawful delivery of cocaine (720 ILCS 570/401(c)(2) (West 2004)), a Class 1 felony. After the findings of guilty, a sentencing hearing was held. A pre-sentence investigation report (PSI) was prepared for the sentencing hearing.

At the start of the sentencing hearing, the trial judge asked the parties if either of them had any modifications to the PSI. The trial judge pointed out to the parties a correction that he had noticed that needed to be made.

Moving further into the proceeding, although the trial judge did not specifically mention "aggravation", he allowed the State to call a witness to testify regarding defendant's involvement in the beating of a police officer. The witness testified that the officer who was beaten specifically identified defendant as being involved and told investigators that everyone who was in the vehicle (defendant was one of the persons in the vehicle) started kicking him.

After the State finished presenting evidence, the trial judge asked for "mitigation". Defense counsel presented the trial judge with a letter that defendant had written on his own behalf. The trial judge stated that he had read the letter and asked defendant if there was anything he wanted to add.

The trial judge then called for and considered the arguments and recommendations of the State as to sentencing alternatives. The State pointed out that defendant had a prior criminal history. The PSI indicated that defendant had been continuously involved with the criminal justice system from about the age of 16. In 2000, defendant was placed on court supervision as a juvenile for resisting a police officer. During his supervision period, defendant was kicked out of the house by

2

his mother for being disrespectful and out of control. A violation report was filed in January of 2001 alleging that defendant had stolen a bicycle. A second violation report was filed in May of 2001 alleging defendant had committed a theft. A third violation report was filed in June of 2001 alleging defendant had committed a retail theft. In July of 2001, police notified the juvenile probation office that defendant had been accused of threatening his brother-in-law with a steel pipe. Also in July of 2001, a supplemental juvenile petition was filed alleging defendant had committed retail theft. Defendant's juvenile court supervision was later terminated unsuccessfully after defendant was charged as an adult with aggravated criminal sexual abuse. As an adult, defendant was convicted of aggravated criminal sexual abuse in January of 2002 and sentenced to 36 months probation. Defendant's probation was subsequently revoked after he failed to report and failed to obtain sex offender counseling. In February of 2003, defendant was sentenced to a new term of 36 months probation. Defendant's probation was again revoked after defendant had been present in a school zone (unlawful for a child sex offender) and had contact with his co-defendant. Defendant was sentenced to a new term of 30 months probation in April of 2004. The instant offenses occurred in June and July of 2004 and defendant was arrested for the instant offenses in July of 2004.

After hearing the State's argument and recommendation, the trial judge inquired of the State regarding the nature of the sentences to be imposed and confirmed that there was nothing about the offenses that made them mandatory consecutive.

The trial judge then called for the argument and recommendation of defense counsel as to sentencing alternatives. Defense counsel pointed out that the evidence regarding the beating of the police officer was presented in a hearsay format and that the victim was not brought before the court to testify. Defense counsel noted that defendant had not been convicted of that offense and that it

3

was currently scheduled to be set for trial. Defense counsel commented that defendant was only 21 years old and that testimony was presented at trial which indicated that defendant may have committed the offenses because the undercover police officer had promised to get defendant a job. Defense counsel asked the trial judge to take into account defendant's "youthful age" and the fact that defendant's criminal conduct was initiated by the police. Defense counsel also pointed to references in the letter defendant had written to the trial judge (defendant's statement in allocution) indicating that defendant's family was having financial problems when the offenses were committed. The PSI indicated that although defendant had been kicked out of school for disciplinary reasons, he had obtained his GED while he was incarcerated and that he had some history of previous employment.

After hearing the arguments and recommendations of counsel, the trial judge imposed sentence. In doing so, the trial judge noted that he had considered the evidence presented at trial and at sentencing and had considered the PSI. The trial judge commented on defendant's character (defendant had been disrespectful to his mother and had been kicked out of school for disciplinary reasons), on defendant's prior criminal activity, and on the potential hardship the imprisonment of defendant would impose upon defendant's family. The trial judge sentenced defendant to concurrent sentences of 20, 14, and 8 years imprisonment. In addition, three mandatory drug assessment fees were imposed upon defendant, one for each conviction. A judgment was taken against defendant for the total amount of fines, fees, and costs owed and a memorandum of judgment was filed.

Defendant filed a motion to reconsider sentence. In the motion, defense counsel alleged that the sentence imposed was not keeping with "the defendant's past history of criminality, mental history, family situation, economic status, education, occupational or personal habits" or with the "alternatives available to the court to assist the defendant in his rehabilitation".

4

At the hearing on the motion, defense counsel argued:

> "It is Mr. Jackson's contention that that (sic) sentence is excessive in keeping with his prior past criminal history, his family situation, economic status, his education and personal habits, and that there were other alternatives or a less lengthy sentence that would have been available to the Court which would have been of greater help in Mr. Jackson's rehabilitation."

The trial judge denied the motion to reconsider stating as follows:

> "I took into consideration everything that I heard at trial, at sentencing, the PSI, considered all the statutes that apply, including those in aggravation and mitigation, and under the circumstances I think the sentence fits."

This appeal followed.

## ANALYSIS

Defendant first argues that the trial judge committed an abuse of discretion in sentencing him to a lengthy prison term. Defendant asserts that the trial judge failed to consider certain mitigating evidence, most notably, that only small amounts of cocaine were involved in the instant offenses; that he was enticed to commit the offenses by an undercover police officer; and that because he is only 21 years old, he has greater rehabilitative potential.

It is well settled that a trial judge's sentencing decisions are entitled to great deference and will not be altered on appeal absent an abuse of discretion. People v. Streit, 142 Ill. 2d 13, 18-19,

566 N.E. 2d 1351, 1353 (1991). A sentence which falls within the statutory range is not an abuse of discretion unless it is manifestly disproportionate to the nature of the offense. People v. Franks, 292 Ill. App. 3d 776, 779, 686 N.E. 2d 361, 363 (1997). Although the reviewing court may reduce a sentence where an abuse of discretion has occurred (134 Ill.2d R. 615(b)(4)), the reviewing court should proceed with great caution and care in reviewing the propriety of a sentence and must not substitute its judgment for that of the trial court simply because the reviewing court would have weighed the factors differently (Streit, 142 Ill. 2d at 19, 566 N.E. 2d at 1353).

Having reviewed the sentencing decision in the present case, we find that the trial judge did not commit an abuse of discretion. First, the term of imprisonment imposed on each offense is within the statutory range. See 720 ILCS 570/401(a)(2)(A) (West 2004)(any person who violates section 401 with respect to 15 grams or more but less than 100 grams of a substance containing cocaine is guilty of a Class X felony and shall be sentenced to a term of imprisonment of not less than 6 years and not more than 30 years); 720 ILCS 570/401(c)(2) (West 2004) (any person who violates section 401 with respect to 1 gram or more but less than 15 grams of a substance containing cocaine is guilty of a Class 1 felony); 730 ILCS 5/5-8-1(a)(4) (West 2004) (a sentence of imprisonment for a Class 1 felony shall be not less than 4 years and not more than 15 years). Second, it is clear from the record that the trial judge was familiar with the statutory procedure for conducting a sentencing hearing and the statutory guidelines for imposing sentence. In determining the appropriate sentence, the trial judge considered all of the factors in aggravation and mitigation, including those matters in mitigation cited by defendant in his argument before this Court. All of those matters were either contained in the PSI or were part of the evidence presented at trial, which the trial judge specifically noted he was considering in determining the appropriate sentence. Furthermore, we do not agree that the amounts

6

of cocaine involved in the instant offenses--27.3 grams, 11.7 grams, and 2.8 grams--are "relatively small" amounts (as suggested by defendant) or that the fact that defendant was enticed to commit the offenses by an undercover police officer is in any way mitigating. The jury rejected defendant's argument of entrapment.

While it is true that defendant's young age suggests a greater potential for rehabilitation (See People v. Margentina, 261 Ill. App. 3d 247, 249, 634 N.E. 2d 29, 31 (1994)), his prior involvement with the criminal justice system belies that notion. As a juvenile, defendant was adjudicated a delinquent minor for resisting a police officer and placed on court supervision. His supervision was subsequently terminated unsuccessfully. As an adult, defendant was convicted of aggravated criminal sexual abuse and was sentenced to a term of probation. Defendant's probation was revoked twice and each time, he was re-sentenced to a new term of probation. Defendant was on the most recent term of probation when the instant offenses were committed. In addition, evidence was presented at sentencing to show that in June of 2004, defendant and a person defendant had previously been ordered not to have contact with were involved in the beating of a police officer at a party. Based on the evidence presented at trial and at sentencing, we cannot say that the terms of imprisonment imposed were excessive. We will not substitute our judgment here for that of the trial court. See Streit, 142 Ill. 2d at 19, 566 N.E. 2d at 1353.

Contrary to the position taken by the dissent, there is no mandatory requirement that the trial judge recite all of the statutory factors before imposing sentence. People v. McDonald, 322 Ill. App. 3d 244, 251, 749 N.E. 2d 1066, 1072 (2001). It is presumed that the trial judge considered all of the factors unless the record indicates to the contrary. See McDonald, 322 Ill. App. 3d at 251, 749 N.E. 2d at 1072. In the present case, it is apparent from the matters stated by the trial judge in imposing

7

sentence that he was persuaded by defendant's bad character and history of prior criminal activity. Furthermore, when age and rehabilitation were again presented to the trial judge in the motion to reconsider sentence, the trial judge upheld the previous sentence that he had imposed, noting specifically that he had considered the factors in aggravation and mitigation.

In arguing that the trial judge committed an abuse of discretion, the dissent relies upon People v. Juarez, 278 Ill. App. 3d 286, 662 N.E. 2d 567 (1996). However, in Juarez, the defendant received one year less than the maximum term. See Juarez, 278 Ill. App. 3d at 294, 662 N.E. 2d at 573. In the present case, the sentence imposed was not at the upper limits of the sentencing range.

A more comparable case is People v. Perruquet, 68 Ill. 2d 149, 368 N.E. 2d 882 (1977). In Perruquet, the 21 year-old defendant was sentenced to a minimum of one and a maximum of twenty years imprisonment for burglary. Perruquet, 68 Ill. 2d at 151, 368 N.E. 2d at 882. The PSI indicated that defendant was married and had two children and was practically illiterate. Perruquet, 68 Ill. 2d at 151, 368 N.E. 2d at 882-883. Defendant had been in and out of trouble with the law since age 14. Perruquet, 68 Ill. 2d at 151, 368 N.E. 2d at 883. Defendant had a prior juvenile history. Perruquet, 68 Ill. 2d at 151-152, 368 N.E. 2d at 883. As an adult, defendant had previously been convicted of theft and had a criminal damage to property case pending. Perruquet, 68 Ill. 2d at 152, 368 N.E. 2d at 883. In imposing sentence, the trial judge made the following comments:

> "Now, what I basically have here is a man who has a history of criminal offenses. You have reached the age of 21 and here you commit another offense, a serious offense, burglary. * * * Now the fact that you have had a poor education; if you want to improve your life, you can do so in the penitentiary. But, there are a lot of people

8

who can read and write and they still steal. Just because you learn to read and write and have a new trade doesn't mean that you will stop stealing. And that is what you are going to have to determine for yourself. I feel sorry for your kids. I don't like to do it but I'm going to do it because I cannot sit here conscientiously and say that a man who has committed one theft after another from the time he was 14 years old, is going to walk out of this Court Room and have a big change of heart and not steal people's property. Now, I am going to set the penalties so that you will have an opportunity to come out of the penitentiary; that you will have the opportunity to make a new life; but I am also going to set a maximum to where when you do come out of the penitentiary that either you are going to obey the law, on your own or else they are going to take you and virtually throw the key away. There has to be a stop somewhere and its up to you Mr. Perruquet." Perruquet, 68 Ill. 2d at 152-153, 368 N.E.2d at 883.

On appeal, the appellate court in Perruquet reduced the sentence to between one and five years. Perruquet, 68 Ill. 2d at 151, 368 N.E. 2d at 882. The supreme court reversed the appellate court and reinstated the original sentence. Perruquet, 68 Ill. 2d at 151, 368 N.E. 2d at 882. In so doing, the supreme court noted that in light of defendant's criminal history, it could not say that the sentence imposed by the trial judge was an abuse of discretion. Perruquet, 68 Ill. 2d at 156, 368 N.E. 2d at 885. As to the sentencing aspect, the facts of Perruquet are very similar to those in the present case. See Perruquet, 68 Ill. 2d at 151-152, 368 N.E. 2d at 882-883. The supreme court's ruling in

9

Perruquet supports the conclusion that we have reached here--that the trial judge did not commit an abuse of discretion in sentencing defendant to a lengthy prison term. See Perruquet, 68 Ill. 2d at 156, 368 N.E. 2d at 885.

Defendant next argues, and the State agrees, that two of the three mandatory drug assessment fees imposed upon defendant must be vacated. See 720 ILCS 570/411.2(g) (West 2004) (where defendant is convicted of multiple offenses charged in a single charging instrument, only one assessment shall be imposed--the assessment for the highest class offense of which defendant is convicted). Accordingly, we vacate two of the three mandatory drug assessment fees imposed upon defendant and leave standing only a single assessment of $3,000, the assessment imposed upon the highest class offense of which defendant was convicted.

For the foregoing reasons, we affirm the prison terms that were imposed upon defendant, vacate two of the three mandatory drug assessment fees, and remand this case to the trial court with directions to amend the defendant's sentence and the memorandum of judgment to show that defendant is assessed only one drug assessment fee in the amount of $3,000.

Affirmed in part, vacated in part, and remanded in part with directions.

JUSTICE McDADE, specially concurring:

It is the decision in this appeal that defendant's terms of incarceration be affirmed, that two of the three mandatory drug assessment fees be vacated, and that the matter be remanded for a new judgment order reflecting the change. I concur with that decision.

I share the dissent's dismay at the appearance of entrapment which surrounds defendant's apparently unprecedented commission of drug offenses and also at seeing a 21-year-old young man sentenced to 20 years in prison. The entrapment argument was rejected by the jury and while any or

10

all of us might have weighed the evidence on the issue quite differently, there is no discernible basis in the record for finding that no reasonable finder of fact could have agreed with the jury's assessment of the evidence. Indeed, defendant has not directly asked us to make that determination.

On appeal, defendant argues that his significant rehabilitative potential was essentially ignored by the trial court in sentencing him to such a lengthy period of servitude. Unfortunately, defendant's persistent juvenile criminal activities despite the opportunities afforded him to avoid prison time and to make better life decisions did not provide compelling support for this argument. I cannot say that the trial court abused its discretion in imposing sentences that, while long, are well within the appropriate sentencing ranges. Hence my concurrence.

I write specially to address the issue of the trial court's abbreviated discussion of the factors it considered in aggravation and mitigation in arriving at the sentences it imposed. Our opinion correctly states that there is no mandatory requirement that the trial judge recite all of the statutory factors before imposing sentence. *People v. McDonald,* 322 Ill. App. 3d 244, 251, 749 N.E.2d 1066, 1072 (2001). My concern is with and my challenge is to the generally-accepted "presumption" that the trial judge considered all of the factors "unless the record indicates to the contrary." *McDonald*, 322 Ill. App. 3d at 251, 749 N.E.2d at 1072. Slip opinion, p. 7. Not infrequently we are asked to review cases in which it is quite clear that the trial court did not, in fact, know the law and consequently did not follow it in arriving at the challenged decision. (Indeed, the trial court in the instant case was apparently unaware that he was prohibited from imposing three separate drug assessments.) In the sentencing situation, we are not only asked to presume that the trial judge has considered the factors in aggravation and mitigation but also, necessarily, that he or she was aware of the relevant factors. The report of the presentence investigation report, which the trial court

11

mentioned having considered, is singularly unhelpful in addressing the factors, particularly those in mitigation.

The only way that a reviewing court can find with relative security that the trial court appropriately and thoroughly considered the factors in mitigation and aggravation and did not abuse its discretion is if the court affirmatively demonstrates that consideration by specific articulation in the record.

I believe this was the concern of the legislature when it enacted the sentencing statute, providing:

> "In imposing a sentence for a felony ***the trial judge shall specify on the record the particular evidence, information, factors in mitigation and aggravation or other reasons that led to his sentencing determination." Ill.Rev.Stat. 1983, Ch. 38,

Unfortunately, in 1984, the legislature elected to limit this obligation to articulate to "violent" crimes rather than to felonies, as had previously been the case. (P.A. 83-1499, eff. December 27, 1984), 730 ILCS 5/5-4-1(c) (West 2006) There is no longer a requirement that the sentencing court articulate its recognition and balancing of the factors in aggravation and mitigation in drug crimes. Instead, the court is only obligated to perform the generic functions of considering and balancing evidence and information offered by the parties in aggravation and mitigation. (730 ILCS 5/5-4-1(a)(4) (West 2006)) I believe such specific articulation on the record should be required. It does not seem to me to be an unduly onerous obligation when depriving persons of their liberty. Any additional time needed to complete this exercise would be minor in comparison to any sentence.

JUSTICE WRIGHT, concurring in part and dissenting in part:

I concur in the portion of the opinion vacating two of the three mandatory drug assessment fees, leaving one $3,000 drug assessment fee standing. In this case, the trial judge ordered defendant to pay $7,000 in drug assessment fees. The court, in error, more than doubled the proper fees assessed. We all agree this component of the sentence was incorrect.

In light of the court's failure to follow the mandates of the statute regarding one component of the sentence, drug assessment fees, I disagree with the majority that we may assume the court properly followed the legislative mandates when fashioning the sentence in this case. Consequently, I strongly dissent from the portion of the opinion affirming the trial court's sentences of imprisonment on all three counts.

Defendant was sentenced to 14 years' imprisonment on count II, one year less than the maximum sentence on the Class 1 felony for unlawful delivery of a controlled substance, which carried a sentencing range of 4 to 15 years. The trial court sentenced defendant to 20 years' imprisonment on count I, a Class X felony for unlawful possession of a controlled substance with intent to deliver, which carried a minimum sentence of 6 years. Finally, the court sentenced defendant to 8 years' imprisonment on count III, a Class 1 felony for unlawful delivery of a controlled substance, which also carried a minimum sentence of 4 years.

I can find no support in the record that the aggravating factors presented by the State supported these sentences, which were double and triple the minimum sentences that could have been imposed. Nor can I find any support in the record that the trial court considered or intended to foster the rehabilitative potential of this young offender.

I would vacate the sentences in this case, finding the court abused its discretion by

13

disregarding its statutory obligation to independently balance factors in aggravation against the evidence in mitigation. The position taken in this dissent does not create a *new* standard for reviewing a sentencing decision; it reinforces the old constitutional mandate to balance retribution against rehabilitation, which seemingly has become an abbreviated formality for busy judges.

Our Illinois constitution requires "All penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, §11. In order to achieve this purpose, the legislature has defined the factors to be balanced by the court in mitigation and aggravation prior to sentencing. 730 ILCS 5/5–5–3.1, 5–5–3.2 (West 2004). In spite of heavy schedules, it is the trial court's obligation to protect the record by making it apparent to the public, the defendant, and a reviewing court that these considerations were carefully balanced.

I agree with the majority that a reviewing court must give great deference to a judge's sentence, provided the sentence is within the statutory range. *People v. Perruquet*, 68 Ill. 2d 149, 154-55 (1977). The Illinois constitutional requirement discussed above is codified in section 5–8–1(b) of the Unified Code of Corrections (730 ILCS 5/5–8–1(b) (West 2004)), which provides that the sentencing judge "shall set forth his reasons for imposing the particular sentence," including statutory mitigating or aggravating factors. Our supreme court has construed the statutory term "shall" in section 5–8–1(b) as permissive, rather than mandatory, when applied to the requirement that the trial court set forth the reasons for imposing a particular sentence. *People v. Davis*, 93 Ill. 2d 155, 162 (1982).

In the two decades since our supreme court's decision in *Davis*, trial courts seem to have substituted the flexibility of the permissive "shall" with a practice of creating records that "need not"

14

demonstrate careful reflection prior to sentencing. Reviewing courts have tolerated trial judges who say less, so long as the sentence is within the range of punishment.

In *People v. McDonald*, 322 Ill. App. 3d 244, 251 (2001), this court affirmed a sentence for a serious and violent crime but recognized the gradual erosion of standards in sentencing. The majority provided measured, cautionary guidance for future dispositions by stating:

> "A trial court's statement of the factors in mitigation or aggravation eliminates speculation regarding the basis of its decision and enables a reviewing court to more intelligently determine if the sentence was proper." *McDonald*, 322 Ill. App. 3d at 250-51, citing *Perruquet*, 68 Ill. 2d 149.

It should be noted, in *McDonald* the trial judge did make a general reference to his consideration of the statutory factors in mitigation and aggravation, but did not specify *which* factors he applied.

Without reference to the record in this case, the State asserts in its brief, "[T]he trial judge indicated he had considered *all* aggravating and mitigating factors." (Emphasis added.) My review of the record suggests this may be an overstatement. The judge did not indicate he had considered any statutory sentencing standards prior to sentencing defendant.

The trial judge's pronouncement was as follows:

> "Okay. Well, I have considered everything I've heard at trial and at the sentencing hearing, I have taken a look at the presentence report, and it would appear that Mr. Jackson hasn't been much of a success at anything. Doesn't get along with his mother. He was disrespectful to her to the extent that she had to kick him out of the house. Couldn't manage at school, had discipline problems there until he was kicked out of school.

15

He starts with a juvenile record. He has had court supervision, which was unsuccessfully terminated. He has a prior conviction for a sex offense, and he was placed on probation. That was revoked. He was placed on probation again. That was revoked. He was placed on probation again, and I see there is another pending petition to revoke, so he wasn't successful at his probation.

I understand the hardship on the family, but it seems he wasn't too concerned about his family in the past. The jury considered the predisposition of several offenses, and they came to the conclusion that Mr. Jackson was not entrapped. All things considered, I see these kind of go in reverse order as to date, and I will take them in that order."

At the close of the sentencing hearing, the prosecutor recommended a sentence that was "more than the minimum," suggesting the court impose a sentence with the minimum parameters in mind. Yet, the trial court sentenced defendant on count II to one year less than the maximum sentence after this very brief sentencing hearing. On count I, a Class X felony, defendant received a sentence that was more than three times the minimum sentence in this case for his very first sentence to the Department of Corrections. The trial court imposed a 20-year sentence on the 21-year-old offender.

The defendant provided the court with an opportunity to cure any omission by requesting a motion to reconsider the sentence. Again, the court expended only a cursory moment to review defendant's original sentence. Initially, the court "passed" the case in favor of other cases, before hearing the motion to reconsider on September 22, 2005. With brevity, the prosecutor stated, "Judge, you have heard the evidence. We presented all the mitigation. We don't have anything further to add." However, the prosecution did not present any evidence of *mitigation* during the sentencing

16

hearing. It is unclear from this record whether the court and the prosecution had a clear recollection of this case when reconsidering the sentence.

Without any reference to the facts of the case, the court less than briefly noted and summarily stated:

> "I took into consideration everything that I heard at trial, at sentencing, the PSI, considered all the statutes that apply, including those in aggravation and mitigation, and under the circumstances I think the sentence fits. So, the motion is denied."

The sentence, which was pronounced at the sentencing hearing without evidence of a thoughtful consideration of the standards, was later justified by the same judge stating that the sentence "fits." The standard commentary, which might apply to any other sentence, does not establish the court independently recalled the facts of this case. Nor does the record indicate the court independently balanced defendant's youthfulness and rehabilitative potential against his negative history, either during the initial sentencing hearing on August 22, 2005, or when reconsidering the sentence a month later.

The presentence report does not show defendant had previously been sentenced to any term in either the Will County jail or the Department of Corrections. After defendant's eighteenth birthday, he was charged with and received probation for his only other adult criminal offense, which occurred approximately three years before these drug charges.

Defendant violated his probation for this offense twice for failing to comply with the technical terms of probation. Each violation was treated with justified leniency. The record does not suggest an extensive history of drug deliveries. In spite of the undercover officer's attempts to purchase larger quantities of drugs, defendant could only provide lesser amounts. Additionally, the transactions took

place over a short span of time after the undercover officer offered the unemployed defendant and his friend the possibility of a job in exchange for drugs. Defendant earned his G.E.D. while incarcerated in the Will County jail, presumably awaiting the outcome of the instant offenses.

The pronouncement of punishment in this case is similar to the trial judge's pronouncement in *People v Juarez*, 278 Ill. App. 3d 286 (1996), which was reversed on appeal. On review, the appellate court found the 14-year sentence in *Juarez* excessive because the sentencing judge failed to indicate any aggravating factors and failed to give serious consideration to evidence in mitigation or rehabilitative potential. Accordingly, the appellate court reduced the defendant's sentence. *Juarez*, 278 Ill. App. 3d at 295.

Sentencing should not be an afterthought once a jury returns a verdict. Sentencing is perhaps the most important component of the trial process. Clearly, our supreme court in *Davis,* and this court in *McDonald*, did not intend for acceptable judicial practice to completely omit *all* references to the statutory standards when pronouncing punishment.

While there is no magic formula, at a minimum, this state's constitution requires the balancing of retribution and rehabilitation. This is not something we should presume on review or base on clairvoyance. We should require proper judicial balancing that is apparent from the record. It is reasonable to expect the trial judge to take a few moments for a young offender, who stands before the court to learn the nature of his punishment and the measure of his rehabilitative potential.

The majority observes the trial judge was familiar with sentencing procedures. However, the record requires the majority to generously deduce that statutory standards were properly balanced by the court. Judicial silence, leading to speculation, is a practice discouraged by this court in *McDonald* and should not be further encouraged by upholding sentencing pronouncements that are

this skeletal.

Prosecutors and defense attorneys who are required to move cases at a rapid pace should be counterbalanced by a methodical judge who insists on adherence to the statutory standards and spends a few moments of the court's time devoted to fundamental fairness as required by our constitution. Based on this sparse record of the court's reasoning, I agree with defendant's assertion that the sentence is excessive and the trial court abused its discretion. Although the court may have been rushed for time, taking 20 years away from a young offender merits a few carefully considered comments regarding the statutory standards.

Once a reviewing court has held a trial judge abused his or her discretion in designing a fair punishment, it may be difficult for a defendant to have confidence in the neutrality of the same sentencing judge. Therefore, I would modify the judgment of the trial court to significantly reduce defendant's sentences pursuant Supreme Court Rule 615(b)(4) (134 Ill. 2d R. 615(b)(4)), rather than remand the cause for another sentencing hearing.

For the foregoing reasons, I respectfully concur in part and dissent in part.