**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 190014-U

Order filed February 5, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit, Whiteside County, Illinois. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0014 Circuit No. 17-TR-5561 |
| NIKOLAY BORISLAVOV VASILEV, | ) ) ) | Honorable Gregory G. Chickris, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE O'BRIEN delivered the judgment of the court.
Justices Carter and McDade concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:   The trial court did not abuse its discretion in refusing to order court supervision after the defendant pled guilty to speeding in a construction zone.

¶ 2     The defendant, Nikolay Borislavov Vasilev, appeals his sentence that was entered upon

his plea of guilty to speeding in a construction zone.

¶ 3                                      FACTS

¶ 4 The defendant was charged with operating a motor vehicle in a construction zone in excess of the posted speed limit when workers were present, in violation of section 11-605.1(a) of the Illinois Vehicle Code (625 ILCS 5/11-605.1(a) (2016)). The defendant held a commercial driver's license (CDL) and was driving a commercial motor vehicle at the time of the offense. The defendant pled guilty to the offense. With respect to sentencing, the State recommended that the defendant pay the minimum fine, $375 plus court costs, and objected to the defendant being granted court supervision on the grounds that court supervision would mask a conviction for purposes of adding points to the CDL driver's record. In support of its argument, the State cited to federal regulation 49 C.F.R. § 384.226 (2011). The defendant argued that court supervision for a CDL driver was treated as a conviction by the Secretary of State for purposes of the CDL record but not his personal driving record, so there was no reason not to grant the defendant supervision. The trial court entered a conviction against the defendant and imposed a fine of $375 plus court costs but did not order court supervision.

¶ 5 The defendant filed a motion to reconsider sentence, which was denied by the trial court. In denying the motion, the trial court clarified that it did not find that the federal regulation prohibited it from ordering court supervision, but rather was one factor in convincing the court that court supervision was not appropriate under the circumstances. The defendant appealed.

¶ 6 ANALYSIS

¶ 7 The defendant argues that the trial court abused its discretion in ruling that the defendant could not receive court supervision, erroneously believing that a federal regulation prohibited the trial court from granting the defendant court supervision. The State contends that the trial court properly considered the federal regulations and Illinois law and did not abuse its discretion in declining to order court supervision.

¶ 8        A trial court's sentencing decision will not be altered absent an abuse of discretion. *People v. Jackson*, 375 Ill. App. 3d 796, 800 (2007). Supervision is not a matter of right, but rather a sentencing option. *People v. Price*, 247 Ill. App. 3d 787, 790 (1993). A court may enter an order for supervision for certain offenses

> "after considering the circumstances of the offense, and the history, character and condition of the offender, if the court is of the opinion that:
>
> (1) the offender is not likely to commit further crimes;
>
> (2) the defendant and the public would be best served if the defendant were not to receive a criminal record; and
>
> (3) in the best interests of justice an order of supervision is more appropriate than a sentence otherwise permitted under this Code." 730 ILCS 5/5-6-1(c) (West 2018).

¶ 9        While the trial court's reasoning was a little unclear at the original sentencing hearing, the court clarified its decision at the hearing on the motion to reconsider sentence. The trial court specifically stated that it was aware that the federal regulations regarding CDL licenses did not prohibit it from imposing court supervision. The trial court stated that, in exercising its discretion to not grant court supervision, it considered the fact that the defendant had a CDL and was not in danger of losing his personal driver's license due to not having any other moving violations in the prior 12 months. We find that was a proper exercise of the trial court's discretion and not an abuse of that discretion.

¶ 10                                    CONCLUSION

¶ 11        The judgment of the circuit court of Whiteside County is affirmed.

¶ 12        Affirmed.