**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 200038-U

Order filed June 14, 2022

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-20-0038 Circuit No. 05-CF-114 |
| | ) | |
| WILLIE M. WELLS, | ) ) | Honorable Paul P. Gilfillan, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HOLDRIDGE delivered the judgment of the court.
Justices Daugherity and Hauptman concurred in the judgment.

**ORDER**

¶ 1   *Held*: The circuit court properly considered juvenile mitigation factors when sentencing the defendant.

¶ 2   The defendant, Willie M. Wells, appeals following the Peoria County circuit court's order resentencing him to 30 years' imprisonment for aggravated criminal sexual assault, a consecutive 21 years' imprisonment for aggravated vehicular hijacking, and a concurrent 6 years' imprisonment for kidnapping. The defendant argues the court imposed an unconstitutional *de facto*

life sentence because it did not consider the juvenile sentencing factors set forth in section 5-4.5-105 of the Unified Code of Corrections (Code) (730 ILCS 5/5-4.5-105 (West 2020)).

¶ 3                                                    I. BACKGROUND

¶ 4      The defendant was convicted of aggravated criminal sexual assault (720 ILCS 5/12-14(a)(1) (West 2004)), aggravated vehicular hijacking (*id.* § 18-4(a)(3)), and kidnapping (*id.* § 10-1(a)(1)). The defendant was 16 years old at the time of the offenses. The court initially sentenced the defendant to 40 years' imprisonment for aggravated criminal sexual assault, a consecutive 21 years' imprisonment for aggravated vehicular hijacking, and a concurrent 6 years' imprisonment for kidnapping. On direct appeal, this court affirmed the defendant's convictions and sentences. *People v. Wells*, No. 3-07-0725 (2009) (unpublished order under Illinois Supreme Court Rule 23).

¶ 5      In July 2009, the defendant filed a postconviction petition. The circuit court denied the defendant's petition, and the defendant did not appeal.

¶ 6      In June 2016, the defendant filed a motion for leave to file a successive postconviction petition. The defendant argued, in relevant part, that his 61-year *de facto* life sentence was unconstitutional under the eighth amendment of the United States Constitution and the proportionate penalties clause of the Illinois Constitution because he was a juvenile at the time of the offenses. The court denied the defendant's motion for leave finding both arguments could have been raised on direct appeal. The defendant appealed, and this court remanded for a new sentencing hearing as required by *People v. Buffer*, 2019 IL 122327. *People v. Wells*, 2019 IL App (3d) 160636-U.

¶ 7      At the new sentencing hearing, prior to hearing evidence, the circuit court discussed with the parties whether, after *Buffer*, it could sentence the defendant to more than 40 years' imprisonment but based on the percentages of the sentences that must be served, the defendant

2

could serve less than 40 years. To illustrate its point, the court used a hypothetical sentence of 30 years' imprisonment at an 85% service rate for aggravated criminal sexual assault and 20 years' imprisonment at a 50% service rate for aggravated vehicular hijacking. After hearing arguments from the parties as to whether the hypothetical sentence was allowed, the court began the hearing.

¶ 8 The State presented the victim impact statement from the original hearing. The defendant presented testimony from two sisters, a letter from a third sister, and his presentence investigation report (PSI). The State argued an appropriate sentence would be an aggregate term of 44½ years' imprisonment. Defense counsel argued an appropriate sentence would be an aggregate term of 20 to 25 years' imprisonment. In allocution, the defendant took responsibility for the offenses and described his growth and rehabilitation while in prison.

¶ 9 The court then discussed the following mitigating factors:

> "I mean, when you're young, you do things that you wouldn't do as a mature person. That's totally an age-related factor. ***
>
> *** [I]mpetuosity doesn't really apply as much since this entire scenario played out over a long period of time and gave the Defendant multiple opportunities to back away from the hours and hours of conduct that was involved here. ***
>
> ***
>
> *** [H]is level of maturity was one at the age of 16 years and 8 months as one of a hardened criminal.
>
> You were a mature criminal at that point in time having been through everything you have done and all of the actions you committed ***.
>
> * * *

3

*** You at age 16 and 8 months did have the ability to consider the risks and consequences of your behavior because you were constantly taught that ***.

* * *

In terms of his cognitive and development disability, in the average range, even if it was low average. There's reference to no special education services being required and acknowledgment that there were no mental health disabilities *per se*. ***

In terms of you being subject to outside pressure, I think the peer pressure here, there was a component of it, but I think that you were the lead—ringleader, as counsel mentioned, of this particular incident. Really, the others were being more influenced by you than you by them. ***

***

*** [Y]ou certainly developed evil characteristics as you grew. Your siblings didn't turn that way, even though they were faced with the same family pressures and abuse.

Negative influences, Ronald Wells's case has crossed my desk a number of times since I have been in this position. So you didn't have good—necessarily good influences. *** But you could have learned from those positive influences in your life too.

We have already talked about your family and home environment. Your educational background is full—is more fully documented in the PSIs. We talked about the abuse you suffered as a child and the childhood trauma and parental

4

neglect, so to speak. You didn't even know your mom apparently as she lost rights to you early on, if I recall correctly.

* * *

But that's hard to then conclude that based on what you have said and that you're having normal conversations with siblings now that you're rehabilitated or on your way or road to rehabilitation. That's just difficult to come to a conclusion on at this point in time. Another element is the circumstances of your offense. I'm not even going to go there. It is so horrific. The record will speak for itself.

Next element, your degree of participation and specific role in the offense ***. *** [Y]ou were the leader of the pack. You were the one with the gun.

The level of planning, there was malice aforethought here involved. This was a plan to stop a vehicle, random as though it may be, and then conduct the behavior that followed over the next course of the rest of the evening.

You were quite capable of participating in your own defense at the time of the case. We have already talked about your prior juvenile criminal history, which is bad. And I have acknowledged today at least your expression of remorse, which may end up with some benefit to you today. ***

* * *

Based on everything I referred to above and considering all of the characteristics and factors of the Defendant's youth and his attendant circumstances before imposing a sentence within a discretionary range here today, I am concluding that your conduct in the case—and this is a fairly easy call—showed irretrievable depravity ***."

5

¶ 10       The court sentenced the defendant to 30 years' imprisonment at an 85% service rate for aggravated criminal sexual assault, a consecutive 21 years' imprisonment at a 50% service rate for aggravated vehicular hijacking, and a concurrent 6 years' imprisonment at a 50% service rate for kidnapping. The court's sentence would require the defendant to effectively serve 36 years' imprisonment. Regarding its discretion not to impose a 10-year firearm enhancement, the court stated:

> "This may be attributable to your youth at the time of the offense. It may be attributable to the arguments you and your attorney made today and your statement here today. But because it is now by virtue of a change in the law discretionary to me as to whether to add the 10-year enhancement or add-on to your sentence for possessing a firearm at this time, I'm exercising my discretion in not adding that 10 years on to your sentence."

¶ 11       The defendant filed a motion to reconsider sentence and argued the court wrongly determined he could be sentenced to a *de facto* life sentence and that his sentence violated *Buffer*. The court denied the motion, and the defendant appealed.

¶ 12                                   II. ANALYSIS

¶ 13       The defendant argues the circuit court failed to properly consider the juvenile sentencing factors set forth in section 5-4.5-105 of the Code (730 ILCS 5/5-4.5-105 (West 2020)) before resentencing him, resulting in an unconstitutional *de facto* life sentence.

¶ 14       At the outset, we note that "[i]t is well settled that a trial judge's sentencing decisions are entitled to great deference and will not be altered on appeal absent an abuse of discretion." *People v. Jackson*, 375 Ill. App. 3d 796, 800 (2007). A reviewing court "must not substitute its judgment for that of the trial court simply because the reviewing court would have weighed the factors

differently." *Id.* at 800-01. A sentence that falls within the statutorily prescribed range is presumptively valid (*People v. Busse*, 2016 IL App (1st) 142941, ¶ 27), and "is not an abuse of discretion unless it is manifestly disproportionate to the nature of the offense" (*People v. Franks*, 292 Ill. App. 3d 776, 779 (1997)). We presume the circuit court considered the relevant factors and mitigation evidence presented. *People v. Wilson*, 2016 App (1st) 141063, ¶ 11. The court is not required to "recite and assign a value to each factor." *Id.* It is defendant's burden to show that the court did not consider the relevant factors. *Id.*

¶ 15    The sentencing range for aggravated criminal sexual assault is 6 to 60 years (730 ILCS 5/5-4.5-25(a), 5-5-3.2(b)(2) (West 2020)), and the court may, in its discretion, impose a 10-year sentencing enhancement due to the defendant's possession of a firearm. *Id.* § 5-4.5-105(b); 720 ILCS 5/12-14(d)(1) (West 2004). The sentencing range for aggravated vehicular hijacking is 7 to 30 years. 730 ILCS 5/5-4.5-25(a) (West 2020); 720 ILCS 5/18-4(b) (West 2004). The sentencing range for kidnapping is 3 to 7 years. 730 ILCS 5/5-4.5-35(a) (West 2020); 720 ILCS 5/10-1(c) (West 2004). Since the defendant's sentences of 30 years' imprisonment for aggravated criminal sexual assault, 21 years' imprisonment for aggravated vehicular hijacking, and 6 years' imprisonment for kidnapping are within the applicable ranges, they are presumptively valid. See *Busse*, 2016 IL App (1st) 142941, ¶ 27.

¶ 16    The eighth amendment of the United States Constitution prohibits cruel and unusual punishments and applies to the states through the fourteenth amendment. *People v. Dorsey*, 2021 IL 123010, ¶ 37. Punishment for a crime should be proportionate to the offense. *Roper v. Simmons*, 543 U.S. 551, 560 (2005). Juveniles are more capable of change than are adults, and their actions are less likely to be evidence of irretrievably depraved character. *Graham v. Florida*, 560 U.S. 48, 68 (2010). Therefore, the eighth amendment forbids a sentencing scheme that mandates life in

prison without the possibility of parole for juvenile offenders. *Miller v. Alabama*, 567 U.S. 460, 479 (2012).

¶ 17     "[T]o prevail on a claim based on *Miller* and its progeny, a defendant sentenced for an offense committed while a juvenile must show that (1) the defendant was subject to a life sentence, mandatory or discretionary, natural or *de facto*, and (2) the sentencing court failed to consider youth and its attendant characteristics in imposing the sentence." *Buffer*, 2019 IL 122327, ¶ 27. "[A] prison sentence of 40 years or less imposed on a juvenile offender does not constitute a *de facto* life sentence in violation of the eighth amendment." *Id.* ¶ 41. Further, "a statutory sentencing scheme that affords a juvenile an opportunity to be released from prison after serving 40 years or less of the term imposed does not constitute a *de facto* life sentence." *Dorsey*, 2021 IL 123010, ¶ 65.

¶ 18     In response to the juvenile sentencing concerns raised by *Miller* and its progeny, the Illinois legislature enacted Public Act 99-69 in 2016, which added section 5-4.5-105 to the Code. Pub. Act 99-69 (eff. Jan. 1, 2016) (adding 730 ILCS 5-4.5-105). Section 5-4.5-105 sets forth mitigating factors that a sentencing court must consider when sentencing a juvenile offender. 730 ILCS 5/5-4.5-105(a) (West 2020). Those factors include:

> "(1) the person's age, impetuosity, and level of maturity at the time of the offense, including the ability to consider risks and consequences of behavior, and the presence of cognitive or developmental disability, or both, if any;
>
> (2) whether the person was subjected to outside pressure, including peer pressure, familial pressure, or negative influences;

(3) the person's family, home environment, educational and social background, including any history of parental neglect, physical abuse, or other childhood trauma;

(4) the person's potential for rehabilitation or evidence of rehabilitation, or both;

(5) the circumstances of the offense;

(6) the person's degree of participation and specific role in the offense, including the level of planning by the defendant before the offense;

(7) whether the person was able to meaningfully participate in his or her defense;

(8) the person's prior juvenile or criminal history; and

(9) any other information the court finds relevant and reliable, including an expression of remorse, if appropriate. However, if the person, on advice of counsel chooses not to make a statement, the court shall not consider a lack of an expression of remorse as an aggravating factor." *Id.*

¶ 19    The record in the instant case affirmatively establishes that the court considered the above factors before it pronounced the defendant's sentence. *Supra ¶* 9. However, the defendant argues the court merely paid "lip service" to the section 5-4.5-105(a) factors because, during the court's presentence discussion, it proposed a hypothetical sentence that was similar to the sentence that it ultimately imposed. We disagree with the defendant that the court's discussion of the changes in the juvenile sentencing law after *Buffer* indicates that it did not give adequate consideration to the juvenile factors in mitigation. This discussion occurred well before the court considered, at some length, the section 5-4.5-105(a) factors. Moreover, the record indicates the court gave significant

thought to the factors, as it based its decision not to impose the 10-year firearm enhancement on the defendant's youth at the time of the offense.

¶ 20    The defendant further argues the court assigned insufficient weight to the factors that favored imposing a lesser sentence. In essence, the defendant asks this court to reweigh the factors. However, we will not substitute our judgment for that of the circuit court simply because the defendant believes we should weigh the factors differently. See *Jackson*, 375 Ill. App. 3d at 800-01.

¶ 21    Additionally, the defendant argues his cumulative 51-year prison sentence is an unconstitutional *de facto* life sentence for crimes he committed as a juvenile. While the defendant was sentenced to a total of 51 years, if he receives all possible good-conduct credit, his sentence will be 36 years. 730 ILCS 5/3-6-3(a)(2)(ii), (iii) (West 2020). Our supreme court recently found a good-conduct credit scheme that provides the defendant some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation before spending more than 40 years in prison is not a *de facto* life sentence in violation of the eighth amendment. *Dorsey*, 2021 IL 123010, ¶ 65. Thus, based on *Dorsey*, the defendant did not receive an unconstitutional *de facto* life sentence, as he will only be required to serve 36 years' imprisonment.

¶ 22                                III. CONCLUSION

¶ 23    The judgment of the circuit court of Peoria County is affirmed.

¶ 24    Affirmed.