**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 200053-U

Order filed June 29, 2022

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-20-0053 Circuit No. 17-CF-592 |
| | ) | |
| VINCENTE PEDROSA, | ) ) | Honorable Amy Bertani-Tomczak, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE LYTTON delivered the judgment of the court.
Justice Daugherity and Presiding Justice O'Brien concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The court did not abuse its discretion in sentencing defendant.

¶ 2    Defendant, Vincente Pedrosa, appeals his sentence. Defendant argues that the Will County circuit court abused its discretion by sentencing him to 11 years' imprisonment despite various mitigating factors. We affirm.

¶ 3                                   I. BACKGROUND

¶ 4 The State charged defendant with aggravated kidnapping (720 ILCS 5/10-2(a)(5) (West 2016)), kidnapping (*id.* § 10-1(a)(2)), unlawful restraint (*id.* § 10-3(a), (b)), domestic battery (*id.* § 12-3.2(a)(2), (b)), and aggravated assault (*id.* § 12-2(c)(1)). In September 2019, defendant pled guilty to aggravated kidnapping in exchange for the State dismissing the remaining charges, as well as the charges in two other matters.

¶ 5 The matter proceeded immediately to sentencing, and the parties agreed that aggravated kidnapping was a Class X felony and defendant faced 6 to 30 years' imprisonment. The victim, Ali Hutcherson, read her victim impact statement. She explained that after ending the relationship with defendant, she just wanted him out of her life, but he would not stop contacting her. She detailed how he had threatened her and set her up to be arrested for possessing drugs. Hutcherson stated that she had obtained an order of protection against defendant. She detailed how defendant kidnapped her. Hutcherson further noted how defendant told her he wanted to shoot her and burn her in her car. Hutcherson stated that she later learned that at the time defendant kidnapped her he had gasoline in a bottle and was carrying a lighter.

¶ 6 Two of defendant's sisters testified on his behalf. In general, they testified as to how much defendant helped them. They indicated defendant loved his nine children and helped out with his nieces and nephews. Further, that defendant took care of his two disabled siblings and helped take care of their mother when she had medical issues. According to them, he was a handyman, therapist, and mediator within the family. Additionally, defendant's mother and multiple siblings submitted letters on behalf of defendant. The presentence investigation report (PSI) included various certificates showing that defendant completed a drug recovery program, parenting classes, a re-entry course, anger classes and education, and bible studies while incarcerated. Defendant

2

made a statement in allocation during which he expressed remorse and requested mercy for the sake of his children.

¶ 7    The PSI indicated that prior to defendant's incarceration, two of his children lived with him and their mother. Defendant's remaining seven children lived with their mother and defendant paid child support for the six remaining minor children. The PSI further provided that defendant had four prior felony convictions. Additionally, he had multiple prior misdemeanors which consisted of mostly traffic offenses but also included a battery conviction. According to the PSI, defendant reported that he had not used any illicit substance since 2000.

¶ 8    Based on defendant's criminal history and the nature of the offense, the State requested that defendant be sentenced to 16 years' imprisonment. Defense counsel argued that his criminal history was not extensive and that several of the convictions occurred 18 and 20 years ago. Further, defense counsel argued that defendant had a drug problem. He noted the support that defendant provided to his children and family. Defense counsel requested a sentence of six to eight years' imprisonment.

¶ 9    The court stated that it considered the programs defendant participated in while incarcerated, the letters presented, the victim impact statement, defendant's prior record, and any other evidence in aggravation or mitigation. It sentenced defendant to 11 years' imprisonment.

¶ 10    Defense counsel filed a motion to reconsider sentence and an amended motion to reconsider sentence in September and October 2019, respectively. He argued that defendant's sentence was excessive. Further, he argued that the court should take into account various mitigating factors, including that defendant was essential in supporting his children, had been a drug addict, and his family would be impacted by his incarceration as they need his support. The motion was heard in January 2020. At that time, defendant's mother testified on his behalf. She

testified as to her hardships without defendant present to help her and how much he helped with his two disabled sisters. Defendant made a statement to the court and indicated that his sons were "spiraling out of control" without him present. He requested sympathy for his children. The court noted that it had considered his background, as well as "the actual facts of the case, which when the victim came in and testified, were horrifying to her." Additionally, the court noted that most of what was being presented was already presented at the original sentencing hearing, just in more detail. It denied the motion to reconsider. Defendant appeals.

¶ 11                                    II. ANALYSIS

¶ 12        Defendant argues his sentence was excessive and points to the various mitigating factors presented at the sentencing hearing, such as the hardship to his family, including his kids, his disabled sisters, his mother and his siblings, that two of his felony convictions were 20 years old and they were not for crimes of violence, and that he completed various programs in jail. He further argues that as of January 1, 2020, the statute regarding mitigating factors changed to include more factors specifically related to the hardships of dependents and other family members, but the court did not specifically consider those factors when it denied his motion to reconsider.

¶ 13        "It is well settled that a trial judge's sentencing decisions are entitled to great deference and will not be altered on appeal absent an abuse of discretion." *People v. Jackson*, 375 Ill. App. 3d 796, 800 (2007). A reviewing court "must not substitute its judgment for that of the trial court simply because the reviewing court would have weighed the factors differently." *Id.* at 800-01. A sentence that falls within the statutorily prescribed range is presumptively valid (*People v. Busse*, 2016 IL App (1st) 142941, ¶ 27), and "is not an abuse of discretion unless it is manifestly disproportionate to the nature of the offense" (*People v. Franks*, 292 Ill. App. 3d 776, 779 (1997)). "Importantly, it is the seriousness of the crime—rather than the presence of mitigating factors—

4

that is the most important factor in determining an appropriate sentence." *People v. Decatur*, 2015 IL App (1st) 130231, ¶ 12. We presume the circuit court considered the relevant factors and mitigation evidence presented. *People v. Wilson*, 2016 IL App (1st) 141063, ¶ 11. The court is not required to "recite and assign a value to each factor." *Id.* It is defendant's burden to show that the court did not consider the relevant factors. *Id.*

¶ 14    Here, defendant's sentence of 11 years' imprisonment was well within the range of 6 to 30 years that he was facing and is thus, presumptively valid. See 720 ILCS 5/10-2(b) (West 2016) (providing that a violation of section 10-2(a)(5) is a Class X felony); 730 ILCS 5/5-4.5-25(a) (West 2016) (providing a sentencing range of 6 to 30 years' imprisonment for Class X felonies); *Busse*, 2016 IL App (1st) 142941, ¶ 27. Defendant makes no argument that the court considered any improper factors in aggravation. Further, defendant has failed to affirmatively show that the court failed to take into account any of the mitigating factors in effect at the time he was sentenced or failed to otherwise consider any of the mitigating information he presented. See *People v. Burton*, 2015 IL App (1st) 131600, ¶ 38 (providing that it is presumed the sentencing court considers mitigation and to rebut the presumption "a defendant must make an affirmative showing that the sentencing court did not consider the relevant factors."). Defendant is essentially asking this court to reweigh that mitigating evidence, but the weight to be given mitigating factors is within the circuit court's discretion and this court is not to reweigh those factors on appeal. *People v. Hageman*, 2020 IL App (3d) 170637, ¶ 19 ("It is not our duty on appeal to reweigh the factors involved in the circuit court's sentencing decision."). Therefore, the circuit court did not abuse its discretion in sentencing defendant.

¶ 15    Regarding defendant's argument that the court should have considered additional mitigating factors that became effective January 1, 2020 (see 730 ILCS 5/5-5-3.1(a)(18), (19)

5

(West 2020)), he did not raise this issue below either in his motion to reconsider sentence or at the hearing on that motion and it is forfeited. See *In re Angelique E.*, 389 Ill. App. 3d 430, 432 (2009) ("[A]ny sentencing issues not raised in a motion to reconsider the sentence are forfeited."). Regardless, defendant was sentenced in September 2019, and according to defendant's own argument the new mitigating factors did not become effective until January 1, 2020, such that the court was not required to consider them at the time it sentenced defendant. Further, because a motion to reconsider only looks to whether the sentence was proper at the time it was given, the court was likewise not required to consider those factors in regard to defendant's motion to reconsider sentence even though it took place in January 2020. See *People v. Vernon*, 285 Ill. App. 3d 302, 304 (1996) ("When ruling on a motion to reconsider a sentence, the trial court should limit itself to determining whether the initial sentence was correct.")

¶ 16                                                    III. CONCLUSION

¶ 17          The judgment of the circuit court of Will County is affirmed.

¶ 18          Affirmed.