**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 210439-U

Order filed November 30, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 9th Judicial Circuit, Fulton County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-21-0439 Circuit No. 18-CF-7 |
| AMBER N. COATS, | ) ) ) | Honorable Thomas B. Ewing, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HETTEL delivered the judgment of the court.
Justices Hauptman and McDade concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:   Defendant's sentence is not excessive.

¶ 2     Defendant, Amber N. Coats, appeals her conviction for theft. Defendant argues that the Fulton County circuit court abused its discretion when it sentenced her to 30 months' imprisonment when the underlying crime only involved a nominal amount of money. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4 The State charged defendant with theft (720 ILCS 5/16-1(a)(1) (West 2018)). The charge alleged that defendant stole an amount less than $300 from Larry Bevard. Defendant had previously been convicted of forgery, making the offense a Class 4 felony and subjecting her to a potential sentencing range of one to three years' imprisonment.

¶ 5 On February 11, 2019, defendant entered a negotiated plea and was sentenced to 180 days in jail and 30 months' probation. The factual basis for the plea established that on January 2, 2018, defendant removed a personal check from Bevard's vehicle and attempted to use the check to buy cigarettes that cost approximately $26.[1]

¶ 6 On January 15, 2020, the State filed a petition to revoke defendant's probation. The petition alleged that defendant failed to complete a remedial program, course of treatment, or aftercare, she did not cooperate with the recommended psychiatric, psychological, or substance abuse treatment, and she failed to meet with a probation officer and cooperate fully with the terms of her probation. After a hearing, the court granted the State's petition.

¶ 7 The court held a sentencing hearing on August 13, 2021. The State requested two years' imprisonment, arguing that, given defendant's criminal history and unsuccessful probation attempts, probation was no longer a viable option. Defendant argued that she should serve the remainder of her county jail sentence.

¶ 8 In reaching its decision, the court stated that it considered all factors in aggravation and mitigation and listed all factors that were relevant to its sentencing decision. The court sentenced defendant to 30 months' imprisonment, stating:

---

[1]The dollar amount defendant wrote on Bevard's check when using it in the store is not clear from the record. The amounts of $26, $27, and $28 are all mentioned by the State and defense counsel during various court hearings. The amount is irrelevant to the issue before us.

"I've considered the factual basis, the Presentence Investigation Report, the history and character, the attitude, evidence and arguments, the statutory matters, and with due regard for the offense, and the violations that resulted in you being here today.

I made some notes, and one of the notes that [defense counsel] said, the biggest issue is the continued criminal conduct; and he said this is a tough case. He articulated the difficulties he's had, you know, in working with you. I think those are sort of a mirror of the difficulties you've had in working with everybody.

He said you're truly a good person—he believes that—and you want to be a productive member of society. Inside everybody is a core of goodness. Your wish to be a productive member of society, I accept that.

I think you need time. You need time to reflect upon what it is. Your, you speak so fast, [defendant], that that's a reflection of, that you can't slow down and think about what's going on in your life. So, you're gonna have some time. I'm gonna concur with the recommendation of the State, two and a half years, all fines, fees, and costs that apply."

¶ 9 Defendant filed a motion to reconsider sentence arguing that the offense did not warrant such a long term of imprisonment given that the amount defendant stole was nominal. The court denied defendant's motion, and she appealed.

¶ 10                                    II. ANALYSIS

¶ 11 Defendant argues her sentence is excessive given the nominal amount of money involved in the theft. Defendant contends that her sentence is manifestly disproportionate to the nature of the offense, and therefore, the court abused its discretion.

¶ 12    A circuit court's sentencing decision is entitled to great deference, and we will not reverse on appeal absent an abuse of discretion. *People v. Jackson*, 375 Ill. App. 3d 796, 800 (2007). The reviewing court will not alter a defendant's sentence without a finding of abuse of discretion by the circuit court. *People v. Stacey*, 193 Ill. 2d 203, 209 (2000); *Jackson*, 375 Ill. App. 3d at 801. There is no abuse of discretion "unless [the sentence] is manifestly disproportionate to the nature of the offense." *People v. Franks*, 292 Ill. App. 3d 776, 779 (1997); see also *People v. Alexander*, 239 Ill. 2d 205, 212 (2010).

¶ 13    As an initial matter, we note that because defendant's 30-month sentence is within the applicable range of one to three years' imprisonment (730 ILCS 5/5-4.5-45(a) (West 2018)), it is presumptively valid. See *People v. Busse*, 2016 IL App (1st) 142941, ¶ 27. Defendant bears the burden to rebut this presumption. *Id.* We also note that this was not defendant's first offense. Although the value of the stolen amount was nominal, defendant was subject to a Class 4 sentencing range due to her criminal history. See 720 ILCS 5/16-1(b)(2) (West 2018). Without defendant's prior forgery conviction, the offense would have been a Class A misdemeanor, and defendant would not have faced a possible 30-month prison sentence. See *id.* § 16-1(b)(1).

¶ 14    Defendant argues that, considering she only stole $26, a sentence of 30 months' imprisonment is excessive. While the seriousness of the offense is an important factor to determining a sentence, it is not the sole factor the court must consider. *Busse*, 2016 IL App (1st) 142941, ¶ 28. It is clear from the record that the court considered this factor when determining defendant's sentence but found that other factors outweighed it. Along with the seriousness of the offense, the court considered defendant's criminal history, her behavior during probation, and her attitude toward rehabilitation. From these factors, the court reasonably determined a sentence of imprisonment was necessary.

¶ 15    The court considered both factors in mitigation and aggravation appropriately, and it is not our duty now to reweigh the factors involved its decision. See *People v. Coleman*, 166 Ill. 2d 247, 261-62 (1995); *Stacey*, 193 Ill. 2d at 209. ("[T]he reviewing court must not substitute its judgment for that of the trial court merely because it would have weighed these factors differently."). Defendant's sentence is neither greatly at variance with the spirit and purpose of the law, nor is it manifestly disproportionate to the nature of the offense given the factors in aggravation noted by the circuit court. See *Alexander*, 239 Ill. 2d at 212. Accordingly, the court did not abuse its discretion by sentencing defendant to 30 months' imprisonment.

¶ 16                              III. CONCLUSION

¶ 17    The judgment of the circuit court of Fulton County is affirmed.

¶ 18    Affirmed.